## CROWDER v. CAPITOL GREYHOUND LINES.

### No. 469.

Municipal Court of Appeals for the
District of Columbia.

Feb. 14, 1947.

Rehearing Denied Feb. 27, 1947.

I. H. Halpern, of Washington, D. C., for appellant.

Richard W. Galiher, of Washington, D. C. (Henry I. Quinn, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

At the time this action was commenced in 1941 appellant, who was plaintiff in the trial court, was an enlisted man in the United States Army. In the original bill of particulars filed in his behalf by his present counsel it was alleged that in May 1941 appellee, as a common carrier of passengers, undertook to transport appellant safely from Louisville, Kentucky, to Washington, D. C., and failed to do so, and that as a result appellant had suffered personal injuries and damage to his clothing and loss of his vacation. Damages in the amount of $500 were claimed.

Appellant took no steps in the case between February 1942 and August 18, 1944, when appellee calendared the action for trial. Thereupon another attorney to whom the case had been referred filed a motion to stay the proceedings during the period of appellant's war service and for three months thereafter, on the ground that appellant was on active duty with the United States Army and was unable to prosecute the action at that time. Accompanying the motion was an affidavit by the temporary counsel stating that the original counsel was himself in the Army, that when last heard from appellant was on active service with the United States Army Air Forces stationed with the 27th Air Base Squadron, 28th Air Base Group located at Bowman Field, Louisville, Kentucky, that the whereabouts of appellant was unknown to counsel, and that appellant's ability to prosecute the action was materially affected by his service in the Army. When this motion was called for hearing later in August 1944, no ruling on the motion was made or requested because counsel on both sides suggested that the case be sent back to the files.

Nothing further was done by either party until July 9, 1946, when appellee filed and served upon appellant's original counsel (who had long since left the Army and resumed control over the case) a motion to dismiss the action for want of prosecution. Hearing on this motion was continued to a date two weeks later.

Upon the calling of the calendar on the date set, counsel for both parties were present and announced they were ready for the hearing. The court announced a recess to enable the Clerk's Office to locate papers in another case then on hearing. After the judge returned to the bench and when the motion to dismiss this case for lack of prosecution was called for hearing, appellant's counsel was no longer in court and counsel for appellee advised the court that during the recess appellant's counsel "had told him that he did not intend to wait around for the motion to be reached and that as the court had taken a recess he did not intend to wait any longer" and that appellee's counsel "could advise the court as to his feelings and that the court could take

such action as it saw fit." Appellee's counsel then argued the motion, and the motion to dismiss was granted.

About five days later appellant's counsel filed a motion to vacate and set aside the dismissal and to stay the proceedings, stating inter alia that there was nothing in the record to show that appellant was not still in the service, that counsel for appellant had written to the War Department to inquire whether appellant was still in the service and that counsel had every reason to expect his client "to communicate with his counsel when he should leave the service." The motion to set aside the dismissal was heard on September 6, 1946, which was approximately two months after the motion to dismiss was originally filed and more than a month after the War Department had written counsel saying it needed more information in order to identify appellant. At the last hearing the trial court inquired of counsel for appellant as to the then status of appellant, and his counsel replied "that he had no knowledge as to the whereabouts" of appellant "and did not know whether or not he was in the military service or whether he had been discharged." The trial court then overruled the motion to set aside the dismissal, and this appeal followed. We allowed the appeal to be filed without prepayment of costs upon representations of appellant's attorney that "so far as he knows appellant is still in the Army of the United States," and that counsel had no money belonging to appellant. Costs of the appeal in the trial court were likewise waived.

During the oral argument we inquired if appellant's counsel had learned whether appellant had been released from the service. He gave a negative reply and took the position that we were not entitled to make the inquiry. He asked, however, that we take into account a copy of a letter he had written to the Office of the Adjutant General dated approximately one week after the motion to dismiss had been filed, together with a form letter from the Adjutant General's Office, dated July 29, 1946, to the effect that the soldier could not be identified on the basis of the information furnished by counsel. The only

874

facts counsel had given in his letter to the War Department were the name of appellant and that he was at Fort Knox, Kentucky, when counsel last knew of his station. The War Department was not furnished with the fact as shown in the affidavit of the substitute counsel (which affidavit was a part of the record in the trial court) that appellant had been attached to the 27th Air Base Squadron, 28th Air Base Group located at Bowman Field, Louisville, Kentucky. Further, during the oral argument counsel stated that appellant was from Virginia and had had a relative living in Washington, D. C.

Appellant's counsel relies entirely upon that section of the Soldiers' and Sailors' Relief Act of October 17, 1940, 50 U.S. C.A.Appendix, § 521, providing as follows:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

■ We have concluded that under the circumstances of this case the trial court was fully justified in dismissing the action for want of prosecution and in refusing to set aside such dismissal upon the application of appellant's counsel.

■ The fact that appellant was in the military service in 1944, when the motion to stay was filed, did not create any presumption that he was still in the service in July 1946. We take judicial notice of the fact that hostilities ceased in Europe in May 1945 and in the Far East in August 1945, and that soon after the latter date, under the "point system," men who had had long service began to be discharged.

■■ Furthermore, even had appellant still been in the service in July 1946, he was not entitled to a further stay of the case as a matter of absolute right. True, the Act provides that such stays shall be granted "unless, in the opinion of the court, the ability of plaintiff to prosecute the action * * * is not materially affected by reason of his military service." But the Act does not say which side shall have the burden of showing that the ability of the party to proceed with his case is or is not materially affected by reason of his military service. The Supreme Court has held that such question is within the sound discretion of the trial court.[1]

It seems obvious that the entire difficulty in this case arises from the action of appellant's counsel in leaving the courtroom when the motion to dismiss was ready for hearing. Neither to the trial court nor to us has he offered any explanation of his absenting himself from the hearing. There is not even a suggestion that the trial judge unduly delayed the matter or took a recess for any but official reasons. It is a reasonable assumption that had counsel remained and asked for time to make further inquiry the trial court would have granted such request. Furthermore, it is obvious that if counsel, with the information at his disposal, had made prompt inquiry as soon as he was served with the motion to dismiss, he could have readily ascertained whether or not appellant was still in the military service. When the trial court during argument on the motion to set aside the dismissal inquired if appellant was still in the service, his counsel, although he had had approximately two months to make inquiry, still contented himself with saying he had no knowledge on the subject. He took the same position before us.

■ We are fully aware that litigants should never be punished for the acts of counsel, but here, accepting counsel's statements at their face value, appellant himself, with an action filed in 1941, has not communicated with his attorney for several years and therefore he himself has not shown due diligence but has in effect abandoned his case.

We think we should add the following. During the argument before us and during

<hr>
[1] Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587.

the discussion regarding the then status of appellant, appellee's counsel offered to agree that the dismissal be set aside and the case assigned for trial if appellant were still in military service. Desiring to give appellant every possible protection because of the Soldiers' and Sailors' Relief Act, we communicated with the War Department, giving the same information regarding appellant contained in the affidavit of substitute counsel, and within less than two weeks we received from the Department definite information identifying appellant together with the names and addresses of his parents at Petersburg, Virginia, and the fact that he had been finally separated from the military service January 9, 1946, approximately six months prior to the dismissal of the action by the trial court. We invited both counsel to an informal conference at which these facts were communicated to them, but appellant's counsel took the position that since the trial court, when dismissing the action, did not know whether or not appellant had been discharged, it had acted erroneously. As stated above, we have concluded otherwise.

Affirmed.