674

**CROWDER v. CAPITAL GREYHOUND LINES.**

No. 9499.

United States Court of Appeals
District of Columbia.

Argued May 5, 1948.

Decided June 7, 1948.

Mr. Isadore Halpern, of Washington, D. C., for appellant.

Mr. Richard W. Galiher, of Washington, D. C., for appellee. Mr. William E. Stewart, Jr., of Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, PROCTOR, and GRONER, Associate Justices.

PER CURIAM.

In December, 1941, plaintiff (appellant) brought this action in the Municipal Court of the District against defendant (appellee) to recover $500 for personal injury and property damage.

Except for sundry routine motions, nothing was done by either party to bring the case to trial until 1944, when defendant calendared it for trial in August of that year. Counsel for plaintiff thereupon appeared and moved to stay on the ground that plaintiff was then a soldier in the Army of the United States. In support of the motion, counsel filed his own affidavit stating that when last heard from, plaintiff was stationed with the Twenty-Seventh Air Base Squadron at Bowman Field, Louisville, Kentucky; that in reply to a letter written to that address, counsel was informed that plaintiff's whereabouts were unknown. The trial was postponed, and the case returned "to the files".

Two more years elapsed, when on July 9, 1946, defendant moved to dismiss for lack of prosecution. When the motion was called on July 25, 1946, counsel for the respective parties were in court and announced ready, but before the hearing was begun, "the Court announced a recess to enable the Clerk's office to present to the Court certain papers in another case then on hearing which were not in Court". When the judge returned to the bench, counsel for plaintiff was not present, and upon inquiry the judge was advised that he had stated to other counsel "that he did not intend to wait around for the motion to be reached", and that counsel for defendant "could advise" the judge to "take such action as he saw fit". After argument

by defendant's counsel, the motion to dismiss was granted. Three or four months later a motion to vacate the order of dismissal was heard by the court and denied, and an appeal was taken to the Municipal Court of Appeals, and in 1947 that court, in an opinion by Judge Clagett, affirmed. D.C.Mun.App., 51 A.2d 372. During the argument in the Court of Appeals, defendant's counsel offered to agree that the dismissal order be set aside if appellant were still in the military service. The Court of Appeals states in its opinion that, in the light of this offer and desiring to give plaintiff every possible protection because of the Soldiers' and Sailors' Relief Act, it communicated with the War Department regarding plaintiff's military status, and in less than two weeks thereafter, received from the Department definite information that plaintiff had been finally separated from the military service January 9, 1946, more than six months prior to the dismissal of the action by the trial court.

We allowed an appeal, and in the argument here it appeared that plaintiff relied entirely upon Sec. 201 of the Soldiers' and Sailors' Relief Act of October 17, 1940.[1] That section authorized the court in a suit in which one of the parties involved is in the military service, upon application of such party (or some person on his behalf), or upon the court's own motion, to stay the proceedings unless, in the opinion of the court, the ability of such party to conduct his case is not materially affected by reason of his military service.

■■ In the instant case, the action was stayed in 1944 on the filing of a motion and affidavit by counsel that it was believed plaintiff was then in the military service. In 1946—practically a year after the cessation of hostilities in Europe and the Pacific—when the case was again called, counsel for plaintiff, after stating he was ready, left the courthouse in the temporary absence of the judge from the bench, with a message to the judge that he could take such action as he pleased. Three or four months later, on a motion to set aside the order of dismissal, it was shown to the trial court that counsel had made no effort in the interval to ascertain whether plaintiff was then in the Army or, having been in the Army, had been discharged, and it was also shown that no effort had been made to ascertain plaintiff's whereabouts, or to communicate with him or the Department or with a relative then known to be living in Washington. But on appeal, the Municipal Court of Appeals (as we learn from the part of its opinion we have above referred to) desiring to give appellant every possible protection because of the Soldiers' and Sailors' Relief Act, communicated with the War Department, and in less than two weeks was definitely informed that plaintiff had been finally separated from the military service January 9, 1946, approximately six months prior to the dismissal of the action in the trial court. Thus it now appears indubitably that when the order of dismissal was entered in the trial court plaintiff had been out of the Army for at least half a year. But counsel insists that without regard to this, the inquiry by the court was improper and the facts thus ascertained should not be considered. But we think we need not pass upon that question nor comment upon the propriety of the inquiry by the Appeals Court. For we are constrained to agree with that court, in the light of the other circumstances we have narrated, that the trial court was justified in its discretion in ordering the dismissal of the action. It is perfectly clear that the Relief Act applies only to persons in the military service, and it is equally apparent that when its relief provisions are invoked, there must be a showing that the person in whose behalf they are invoked is within their terms. In the instant case, from beginning to end, there is

---

[1] "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of the plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." (Act of Oct. 17, 1940, c. 888, Sec. 201, 54 Stat. 1181, 50 U.S.C.Appendix, § 521.)

only the affidavit of counsel made on information and belief that in 1944 the plaintiff was in the Army, and would then be prejudiced in the trial of the case in his absence. But that affidavit as we have pointed out was filed in July, 1944, and accomplished its purpose. Two years later, when the case was again called for trial, no new affidavit was filed, and nothing whatever was shown of the plaintiff's then status or that any effort at all had been made to ascertain it. And at that time hostilities had ceased for more than a year, and the bulk of the draft-personnel had been discharged. In the very nature of things, the Act must be construed as imposing some duty on the person seeking shelter under its terms; but, here at no time prior or subsequent to the dismissal was any action taken by the plaintiff or his counsel on which any court could base a reasonable conclusion that the plaintiff was then a soldier.

Affirmed.