**STATE of Missouri, Respondent,**

v.

**Constance REESE, Appellant.**

**No. WD 41210.**

Missouri Court of Appeals,
Western District.

March 6, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 27, 1990.

Application to Transfer Denied
May 15, 1990.

David S. Durbin, Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before GAITAN, P.J., and CLARK and MANFORD, JJ.

GAITAN, Presiding Judge.

Defendant, Constance L. Reese, was convicted by a jury of tampering in the first degree, in violation of Mo.Rev.Stat. § 569.080.1(2) (1986), and was sentenced to a term of four years. The defendant filed an appeal of conviction to this Court in October of 1988. Upon notice of the defendant's filing of a Rule 29.15 Motion, the Court suspended the appeal pending resolution of the motion. Defendant now reinstates her original appeal, as well as appeals the motion court's denial of the Rule 29.15 Motion Without An Evidentiary Hearing. The two appeals have herein been consolidated pursuant to Rule 29.15(l).

The defendant raises six points of error: (1) the trial court erred in permitting James King, a witness for the state, to testify as a rebuttal witness because he was not endorsed pursuant to Rule 25.03; (2) the trial court erred in allowing King to testify as a rebuttal witness because his testimony was not offered to refute the evidence offered by the defendant; (3) the trial court erred in refusing to give MAI–CR 310.08 as modified by defendant in that defendant was entitled to have her theory of defense presented to the jury; (4) the trial court erred in refusing to give MAI–CR3d 308.06 because there was sufficient evidence to support the instruction; (5) the trial court erred in allowing into evidence state's exhibits six through nine, photographs, because their probative value was outweighed by their prejudicial impact; and (6) the motion court erred in denying defendant/movant to file a first amended Rule 29.15 motion pursuant to 50 U.S.C. App., §§ 501–91 (1981). Judgments affirmed.

Robert Zewert, an automobile salesman, testified that he was employed on February 8, 1988, at Blue Ridge Mazda in Jackson County, Missouri. Early that afternoon, an individual, subsequently identified by Zewert to be the defendant, came to the dealership and began looking at RX–7 model cars. The defendant and Zewert took several used automobiles off the lot for test drives; Zewert drove each time. The defendant then began to look at new vehicles. At this time another salesman, Wayne Rickel, also spoke with the defendant.

After speaking with both Zewert and Rickel, the defendant asked if she could test drive a maroon 1988 RX–7. Zewert drove the car off the lot and pulled into a nearby church parking lot. The defendant indicated that she intended to purchase the automobile and asked Zewert if she could drive it. Zewert got out of the vehicle, gave the defendant the keys, and held the driver side door open for defendant as she got behind the wheel of the car. Once Zewert closed the door, the defendant drove away in the RX–7, leaving him at the parking lot. Zewert returned to the Mazda dealership and called the police to report the theft of the car.

On March 23, 1988, Rickel was driving, with his family, westbound on Interstate 70 near the Highway 435 interchange. He observed a maroon 1988 RX–7 ahead of him, with a Blue Ridge Imports sticker over the left, rear tail light, and recognized it as the same vehicle stolen from Blue Ridge Mazda. Rickel pulled up beside the RX–7 to see who was driving; he saw the defendant. Rickel pursued the defendant as she exited westbound Interstate 70, drove around side streets, and reemerged on Interstate 70 eastbound. At approximately the east side of the downtown Kansas City area, the defendant lost control of and rolled the RX–7. Police responded to the scene of the accident. A computer identification check of license plates found in the car indicated that they belonged to a Mazda that had been stolen from Blue Ridge Mazda. Finding no paperwork to establish ownership, the police placed the defendant under arrest.

Defendant Reese testified in her own defense, providing an alibi for her whereabouts on the afternoon of February 8, 1988. The defendant claimed that she borrowed the RX–7 from a man named Richard, nicknamed "Counselor," that she had met at a restaurant on 29th and Prospect in Kansas City, Missouri. The defendant admitted that she did not remember Richard's last name and did not know where he lived.

## I.

In her first and second points on appeal, the defendant contends that the trial court erred in allowing James King to testify as a rebuttal witness for the state because he was not endorsed pursuant to Rule 25.03 and his testimony was not offered to refute evidence offered by the defendant, but rather supported elements of the state's case in chief.

The record indicates that the defendant submitted a Request for Discovery pursuant to Rule 25.03 on April 6, 1988. The state complied with the request, but as it was unaware of King's existence at that time, did not include his name. Following the defendant's late disclosure of an alibi and alibi witnesses, the state conducted a last minute investigation approximately two days before the trial date of August 25, 1988. During this investigation, the state discovered King. While the state did not disclose the name of King to the defendant, the state did inform defense counsel at the onset of the trial and prior to the defendant taking the stand, that a rebuttal witness existed who could testify that the defendant had driven the maroon RX–7 to his place of employment and had told him that she owned the vehicle. The trial court refused defendant's request to order disclosure of King's identity, but gave defense counsel an opportunity to speak to the witness before he was called into court. The record reflects that defense counsel did not avail himself of the trial court's offer.

Defendant Reese testified that she borrowed the maroon RX–7 from a man called Richard; that she borrowed the car on only two other occasions prior to March 23, 1988; and that on those three occasions she drove the automobile around the block of 29th and Prospect, to 11507 Palmer in south Kansas City, and to Grandview, Missouri.

On rebuttal the state called King who testified that from mid-February to late March of 1988 he had seen the defendant driving the maroon RX–7 near his place of employment in Westport and on approximately three occasions in the neighborhood of 42nd and Prospect. King stated that when he saw defendant Reese with the vehicle outside his place of employment, he asked, "Whose car," and that the defendant responded, "My car."

The rule that requires endorsement of state witnesses does not apply to rebuttal witnesses, unless they are called to rebut a defense of alibi or mental disease, and the decision of whether the individual is a proper rebuttal witness is determined by the trial court. *State v. Curtis,* 544 S.W.2d 580, 582 (Mo. banc 1976); *State v. Williams,* 742 S.W.2d 616, 618 (Mo.App. 1987); *State v. Mitchell,* 689 S.W.2d 143, 147 (Mo.App.1985). As the determination of the scope of rebuttal rests within the trial court's discretion, an appellate court may only reverse for an abuse of that discretion. *State v. Leisure,* 749 S.W.2d 366, 380 (Mo. banc 1988). Rebuttal evidence may directly or indirectly explain, counteract, repel or disprove a defendant's evidence either directly or by implication. *State v. Moiser,* 738 S.W.2d 549, 565 (Mo. App.1987). Further, testimony used in rebuttal is not improperly admitted merely because it could have been used by the state in its case in chief. *State v. Piphus,* 749 S.W.2d 26, 27 (Mo.App.1988).

Defendant contends that the analysis used by the eastern district in *State v. Kehner,* 776 S.W.2d 396 (Mo.App.1989), is applicable in this case. In *Kehner* the appellate court found that the state had improperly characterized an individual, whose testimony was evidence of an admission of guilt by defendant, as a rebuttal witness, thereby eradicating the need for endorsement. The individual was not a witness in the defendant's first trial in which the jury failed to reach a verdict. Testifying at

defendant's second trial, the witness' impact was significant. He provided direct evidence of defendant's guilt and destroyed the defendant's self defense theory. Our brethren in the eastern district found that the surprise testimony of the witness was fundamentally unfair and prejudicial to the defendant.

■ We find *Kehner* distinguishable to the case at bar. King's rebuttal testimony served to disprove defendant Reese's testimony that she borrowed the car from Richard and that she drove it only on three specific instances, to three specific locations. It did not provide direct evidence of the defendant's guilt and was not offered to rebut her alibi defense. Additionally, the trial court offered defense counsel the opportunity to interview King prior to his testimony. We fail to find that the trial court abused its discretion in allowing King to testify as a rebuttal witness; the testimony did not prejudice defendant's substantial rights or alter the outcome of the trial. *State v. Johnson,* 702 S.W.2d 65, 73 (Mo. banc 1985). Defendant's first and second points are denied.

## II.

■ Defendant next contends that the trial court erred in refusing to give MAI–CR3d 310.08 as modified by the defendant in that the defendant was entitled to have her theory of defense presented to the jury. We find this claim without merit.

During the instruction conference, the trial court refused the defendant's proffered modified instruction which stated:

> The fact that defendant was driving the Mazda automobile on March 23, 1988 is alone not sufficient to make her criminally responsible for the offense of tampering, although her driving of the car may be considered together with all of the evidence in determining her guilt or innocence.

The trial court instead accepted the defendant's offer of the standard MAI–CR3d 310.08 instruction which read:

> The presence of a person at or near the scene of an offense at the time it was committed is alone not sufficient to make

her criminally responsible for the offense, although her presence may be considered together with all the evidence in determining her guilt or innocence.

Our Court has previously held that "if a criminal instruction is provided by MAI–CR, it is mandatory that the court give the instruction as written." *State v. Snyder,* 748 S.W.2d 781, 785 (Mo.App.1988). An instruction which exactly follows the format of an approved instruction will not be deemed to be error. *State v. Winkelmann,* 761 S.W.2d 702, 707 (Mo.App.1988). The defendant does not allege that the instruction given was not applicable, but rather that the modified instruction made "the law clearer to the jurors." The standard instruction did not offer a different theory of defense than the modified instruction; it merely followed the specific wording provided by MAI–CR3d 310.08. This Court fails to find any error when the trial court followed the requirements of the MAI–CR, nor do we find that the defendant was prejudiced by the trial court's decision.

## III.

■ The defendant alleges in her fourth point on appeal that the trial court erred in refusing to give MAI–CR3d 308.06, alibi instruction. The instruction requested by defendant was as follows:

> One of the issues in this case is whether the defendant was present at Blue Ridge Imports on February 8, 1988 at 1:00 p.m. On that issue, you are instructed as follows:
>
> 1. The State has the burden of proving beyond a reasonable doubt that the defendant was present at the time and place the vehicle is alleged to have been taken.
>
> 2. If the defendant was at Esterline Rainsoft, Inc., in Lenexa, Kansas on February 8, 1988 at 1:00 p.m., or if you do not find and believe from the evidence beyond a reasonable doubt that the defendant was present at Blue Ridge Imports on February 8, 1988 at 1:00 p.m., then you must find the defendant not guilty.

The defendant argues that sufficient evidence existed to support the alibi instruction.

The premise of an alibi defense is that the defendant was not at the place where the offense was committed. *See* MAI–CR3d 308.06. The trial court is required to give an alibi instruction if requested, and if the evidence supports it. *State v. Romesburg*, 703 S.W.2d 562, 565 (Mo.App.1985). No alibi instruction will be given unless there is supportive evidence that the defendant was somewhere other than the place of commission, during the entire time of commission. The evidence must be sufficient to create a reasonable doubt in the average juror's mind as to the defendant's presence at the scene of the crime. *State v. Hall*, 761 S.W.2d 691, 693 (Mo.App.1988).

In the present case, the verdict director required a finding that the defendant knowingly operated the 1988 RX–7, without the consent of the owner, on or about March 23, 1988. Thus the offense for which the defendant was charged occurred on March 23. Her alibi and the testimony of her alibi witnesses pertained to the events of February 8, 1988; the day the vehicle was stolen, but not the date that the charged offense occurred. A review of the record fails to disclose any evidence presented by the defendant which refuted the contention that she was operating the RX–7 on March 23. In fact, the defendant, testifying on her own behalf, admitted she was driving the automobile at the time of the accident.

The defendant argues that the state's evidence placed her at the Mazda dealership on February 8; that this evidence established the second element of the offense, knowledge; and as the alibi evidence, if believed, negated the knowledge element, the failure to give the instruction was prejudicial error. We disagree. While the testimony of Zewert and Rickel regarding the events of February 8 provided evidence relating to knowledge, such testimony did not mandate an alibi instruction. The crucial factor is that the defendant was charged with committing an offense on March 23, 1988, and no evidence was presented which placed the defendant any place other than at the scene of the accident. Thus the trial court did not err in refusing to submit defendant's alibi instruction in the form submitted.

This Court further notes that defendant's evidence as to her whereabouts on February 8, 1988, was presented before the jury, and argued to the jury by defense counsel in closing. No fundamental unfairness resulted due to the trial court's decision. *State v. Jones*, 735 S.W.2d 87, 91 (Mo.App.1987); *State v. Romesburg*, 703 S.W.2d at 565. Point denied.

## IV.

Defendant submits in her fifth point that the trial court erred in allowing into evidence state's exhibits six through nine, which were color photographs of the maroon RX–7 depicting the extensive damage sustained due to the accident. Defendant alleges that the photographs were inflammatory and prejudicial. The point is denied.

Defendant failed to file the exhibits with this Court. Objections to the admission into evidence of exhibits need not be considered on appeal if the exhibits are not filed with the appellate court. *State v. Simpson*, 779 S.W.2d 274, 283 (Mo.App. 1989); *State v. Grayson*, 668 S.W.2d 153 (Mo.App.1984); Mo.R.Civ.P. 30.05. The trial court had an opportunity to review the evidence at trial and to reconsider the admission on motion for new trial. As the trial court is in a better position than this Court to evaluate and weigh the probative value of the photographs against any prejudicial impact, we chose not to address this claim further. *State v. Kenley*, 693 S.W.2d 79, 81 (Mo. banc 1985); *State v. Fogle*, 740 S.W.2d 217, 223 (Mo.App.1987).

## V.

In defendant/movant's final point on appeal, she contends that the motion court erred in refusing to allow her to file her first amended Rule 29.15 motion because she was "vicariously" entitled to a

stay of the proceeding pursuant to 50 U.S. C.App., §§ 501–91 (1981).

Movant Reese filed a *pro se* 29.15 motion on April 4, 1989. On April 21, 1989, the motion court appointed the Public Defender for the Sixteenth Judicial Circuit to represent movant, and granted movant until May 22, 1989, to file an amended motion. On May 4, 1989, movant through her counsel filed an application for additional time to amend. The motion court provided movant until June 20, 1989, in which to file the amended motion. On June 22, 1989, not having received movant's amended motion, the motion court denied movant's *pro se* motion without an evidentiary hearing. On July 11, 1989, movant filed a motion to vacate judgment and to permit the movant to file an amended 29.15 motion, asserting that movant's counsel was on active duty with the United States Navy from June 18, 1989, to June 20, 1989.

The pertinent section of the Soldiers' and Sailors' Civil Relief Act is 50 U.S.C.App. § 521 which allows a stay of any action or proceeding in which "a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter...." This section clearly provides for stays of proceedings to which persons *in the military* are *parties, Hackman v. Postel,* 675 F.Supp. 1132, 1133 (N.D.Ill.1988); *Crowder v. Capital Greyhound Lines,* 169 F.2d 674, 675 (D.C.Cir.1948), and does not apply to movant's counsel. We note that movant fails to provide any authority for this unique argument.

■ We further note that in *Sloan v. State,* 779 S.W.2d 580 (Mo. banc 1989), the Supreme Court of Missouri held that trial courts are without authority to extend the time limitations provided under Rule 29.-15(f). Grounds alleged for the first time in late filed amended motions are "time barred and procedurally waived." *Id.* at 582. When an amended motion is filed out of time, the trial court may only review those allegations made in the postconviction movant's timely filed motion. *Id.; see State v. White,* No. 54108 (E.D. Feb. 13, 1990); *Batson v. State,* 774 S.W.2d 882,

884 (Mo.App.1989). Rule 29.15(f) allows the motion court to extend the time for filing the amended motion for one additional period not to exceed thirty days. In the present case, the motion court granted one extension on May 4, 1989. Movant was not entitled to any further extensions of time to file an amended motion pursuant to Rule 29.15(f), and therefore, has no basis for relief. The point is without merit and denied. The judgments are affirmed.

All concur.