**STATE of Missouri, Respondent,**

v.

**Darin A. WILKERSON, Appellant.**

**No. WD 42564.**

Missouri Court of Appeals,
Western District.

April 3, 1990.

Raymond L. Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

Before GAITAN, P.J., and CLARK and MANFORD, JJ.

GAITAN, Presiding Judge.

Defendant, Darin A. Wilkerson, was convicted of the class C felony of stealing, in violation of Mo.Rev.Stat. §§ 570.030, 570.-040 (1986), and the class A misdemeanor of

assault in the third degree, in violation of Mo.Rev.Stat. § 565.070.1(1) (1986). The trial court sentenced the defendant to concurrent terms of five years as a prior offender, Mo.Rev.Stat. § 558.016 (1986), on the stealing charge, and to a term of ninety days in the county jail on the assault charge. The sentences to be served consecutively with a sentence previously imposed in Boone County. The defendant appeals his conviction, contending that the trial court erred in submitting verdict-directing Instruction number six in that the instruction submitted the offense of stealing based upon a different form of the offense than charged in the information, and that the instruction omitted essential and necessary language. Judgment affirmed.

In reviewing the evidence in the light most favorable to the state, the following facts were adduced at trial. On February 18, 1989, a security officer for Sears in Columbia, Missouri, monitored the store by way of video surveillance equipment. Two of the system's eighteen cameras were hooked up to a video cassette recorder and set on constant record. While monitoring the store, the security officer observed the defendant take a pair of jeans from a store rack and hand them to a female companion, Charity Martin. The defendant and Martin walked up to a sales register, and Martin laid the jeans on the counter. The defendant told the sales clerk that he had received the jeans as a birthday gift, but because they didn't fit, he wanted a refund. When the sales clerk asked for a sales receipt, the defendant stated that he didn't have a receipt because the jeans were a gift. The sales clerk informed the defendant that without a receipt, the refund could only be in the amount of the sale price. As the sales clerk rang up the refund, he requested a name, address, and signature on the refund receipt. The defendant told the clerk that his wallet had been stolen. Therefore, Martin signed the receipt, using the alias Kim Black.

As the sales clerk prepared to give the defendant the cash refund, the security officer approached the register and alleged that the defendant and Martin were receiving a refund on jeans that the defendant did not own. Although the defendant and Martin denied the allegation, they, as well as the sales clerk, followed the security officer to his office. While in the office, the officer telephoned the police. Following the telephone call, the defendant attempted to leave the office. As the security officer and the sales clerk attempted to prevent the defendant from leaving, an altercation erupted during which the defendant struck the security officer several times on the right temple, knocking him unconscious. Subsequently the defendant was restrained and handcuffed. Upon the arrival of the police, defendant and Martin were transported to the police department.

Defendant contends that Instruction number six, the verdict director for Stealing: Without Consent, MAI–CR3d 324.02.1, modified by MAI–CR3d 304.04, Parties: Defendant's Responsibility For Conduct of Another Person and MAI–CR3d 304.08, The Principal Offense: Modification When Jury Is Not To Assess Punishment, should not have been submitted because it varied from the facts alleged in the information. The information charging the defendant stated that:

> [T]he defendant, acting in concert with Charity Martin, appropriated store merchandise, to-wit: a pair of blue jeans, which said property was in the possession of Sears, and defendant, acting in concert with Charity Martin, *appropriated such property without the consent of Sears, and with the purpose to deprive it thereof. . . .*

(emphasis added). However Instruction number six submitted that:

> [T]he defendant and Charity Martin took a pair of blue jeans, property owned by Sears, and Second, that defendant and Charity Martin did so without consent of Sears, and
>
> Third, that defendant and Charity Martin did so *for the purpose of restoring the property only upon payment of reward or other thing of value.*

(emphasis added).

In order for a variance between the information, and a verdict directing in-

struction to be fatal, thereby requiring reversal, it must submit a new and distinct offense from that which the defendant was charged. *State v. King*, 747 S.W.2d 264, 275 (Mo.App.1988). Further, the defendant must be prejudiced by the variance and the variance must be material. *State v. Price*, 684 S.W.2d 566, 567 (Mo.App.1984). In this case, the defendant argues that the variance between the information is fatal because the instruction charges another crime, "defrauding" Sears as opposed to "depriving" Sears, or at the very least, introduces a new element. We disagree.

■■■ The essential elements of the offense of stealing as defined by statute are as follows: "A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion." Mo.Rev.Stat. § 570.030.1 (1986). *See also State v. Bradshaw*, 643 S.W.2d 834, 835 (Mo.App.1982). A long series of cases have judicially interpreted the statute of stealing to have created a single offense that could be committed by different methods. *See State v. White*, 431 S.W.2d 182 (Mo.1968); *State v. Wishom*, 416 S.W.2d 921 (Mo.1967); *State v. Higgins*, 592 S.W.2d 257 (Mo.App.1979); *State v. Warfield*, 507 S.W.2d 428 (Mo.App.1974). However these cases focus on the elements of consent, deceit, or coercion. Both the statute and case law clearly concluded that there exists only one requisite mental state to commit the offense of stealing and that is the intent to deprive. *See* Mo.Rev.Stat. §§ 570.010, 570.030, Comments to 1973 Proposed Code; *State v. Quisenberry*, 639 S.W.2d 579, 582 (Mo. banc 1982); *State v. Barker*, 700 S.W.2d 128, 130 (Mo.App. 1985).

Mo.Rev.Stat. § 570.010.8 defines deprive as:

(a) To withhold property from the owner permanently; or

(b) To restore property only upon payment of reward or other compensation; or

(c) To use or dispose of property in a manner that makes recovery of the property by the owner unlikely;

The defendant contends that the only reasonable way to give effect to the special statutory definition of deprive is to require that the charging instrument specifically require an allegation of by what means a defendant deprived an owner of his property. This contention erroneously interprets the purpose of an information. An information should contain all elements of an offense as set forth in the statute creating the offense and it should clearly apprise the defendant of the facts constituting the offense; *State v. O'Connell*, 726 S.W.2d 742, 746 (Mo. banc 1987). There are limits, however, upon the details of definitions required in an information, and as such is to be differentiated from an instruction. It is unnecessary for the information to provide a statutory definition for each element ascribed, even if the element has one or more alternative meanings. *See State v. Reese*, 687 S.W.2d 635, 637 (Mo.App.1985). This is distinguishable from a verdict-directing instruction which must contain each element charged and must require the jury to find every fact necessary to constitute the essential elements of the offense charged. *State v. Ward*, 745 S.W.2d 666, 670 (Mo. banc 1988).

We question whether or not a variance truly existed between the information and the instruction. A review of the record indicates that the information charging the defendant with stealing without consent complied with the form of pattern charge, MACH–CR 24.02.1, Stealing: Without Consent, approved by the Missouri Supreme Court. The requisite mental state under the pattern charge is "with the purpose to deprive." There is no requirement that the mental element, deprive, be specifically defined pursuant to § 570.010.8. In contrast, MAI–CR3d 324.02.1 specifically requires the element, deprive, to be delineated by one of the three methods similar to those described in § 570.010.8. The trial court followed the Notes on Use for MAI–CR3d 324.02.1 and chose the instructional form which complied with the facts of the case; that the defendant took the jeans "for the

purpose of restoring the property only upon payment of reward or other thing of value." Thus it is clear that the trial court neither instructed the jury upon a new offense nor on a new element. The verdict-directing instruction merely specifically defined an element which was properly provided for in the information.

However, even if a variance existed, it is not fatal. No new and distinct offense was submitted to the jury. The defendant was charged with stealing without consent and found guilty by the jury of the same offense. Further, if the defendant had questions regarding the details of the state's case, he had the remedy of a bill of particulars. *See* Rule 23.04; *State v. Davis*, 624 S.W.2d 72, 76–77 (Mo.App.1981). Therefore, we fail to find the defendant was prejudiced.

■ Defendant further argues that the trial court erred in submitting Instruction number six to the jury in that the instruction omitted an essential phrase, thereby confusing and misleading the jury. Paragraph four of the instruction, modified by MAI–CR3d 304.04 reads as follows:

Then you are instructed that the offense of stealing has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fourth, that with the purpose of promoting or furthering the commission of that stealing, the defendant acted together or aided Charity Martin,

Pursuant to MAI–CR3d 304.04, the paragraph should have concluded with the phrase, *in committing that offense.*

Rule 28.02(f) provides that the giving or failing to give an instruction in violation of MAI–CR shall constitute error and that the prejudicial effect of that error shall be judicially determined. Instructional errors are only reversible if the error misleads the jury to the prejudice of the defendant. *State v. White*, 738 S.W.2d 590, 593 (Mo.

App.1987). In order to determine prejudice, we review both the facts and the instructions together as a whole. *State v. Ward*, 745 S.W.2d 666 (Mo. banc 1988); *State v. Presley*, 694 S.W.2d 867, 872 (Mo. App.1985). As a general rule, instructions should not be confusing, ambiguous, or equivocal, nor should they mislead the jury. *State v. Bryant*, 756 S.W.2d 594, 597 (Mo. App.1988).

In the case at bar, we fail to find that the omission of the words, "in committing that offense," mislead or confused the jury. The jury was fully informed, through Instruction number six, as well as the other instructions submitted for their consideration, of the facts which constituted the elements of stealing, the law as to the defendant's responsibility for the conduct of another who he aids or acts with, and the facts which constittued defendant aiding or acting with Martin. In reviewing the instructions as a whole it is clear that the jury understood that paragraph four pertained to the defendant's actions with or aid to Martin in committing the offense of stealing; the offense referred to in prior, a well as subsequent paragraphs of Instruction number six. Further, we do not believe that the omission of the phrase, in committing that offense, from the instruction altered the necessary findings required by the MAI verdict director. Thus, we fail to find that defendant sustained any prejudice or that the erroneous instruction rises to the level of reversible error.

The judgment of the trial court is affirmed.

All concur.