**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Douglas WEEMS, Defendant/Appellant.**

**No. 57150.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 23, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Dec. 5, 1990.

Application to Transfer Denied
Jan. 9, 1991.

Charles M. Shaw, Bradley S. Dede, James Jay Knappenberger, St. Louis, for defendant/appellant.

William L. Webster, Atty. Gen., John P. Pollard, Christine A. Alsop, Asst. Attys. Gen., Jefferson City, for plaintiff/respondent.

CRANE, Judge.

Defendant appeals his jury conviction of arson second degree in violation of § 569.040 RSMo 1986 and his sentence of five years imprisonment. We affirm.

On the night of January 30, 1986, defendant was approached by Robert Oxenhandler in a bar. Later in the evening the two returned to Oxenhandler's house, where Oxenhandler attempted to sexually assault defendant. Defendant stabbed Oxenhandler to death.

Defendant then tried to cover up the circumstances of the stabbing. He wiped off everything he had touched in the apartment and removed some valuables. He also disposed of the scissors and screwdriver he had used in the stabbing and the

bloody shirt he had worn. Several days later, upon determining that the body had not yet been discovered, he decided to burn Oxenhandler's house down. He made two firebombs, went to Oxenhandler's house and threw one through the rear window of the house, where it exploded, and one at the front window of the house, which fell back on the sidewalk.

The fire damaged the interior of the house and some contents. It was investigated by an investigator for the St. Louis Fire Department and the head of the St. Louis Police Bomb and Arson Section. Both determined that the source of the fire was a firebomb which had been thrown through the rear south window, and classified the fire as being of incendiary origin, *i.e.* intentionally set.

Defendant was charged with second degree murder and second degree arson. At the trial he claimed self-defense and he was acquitted of the murder charge but was convicted of the arson charge. Defendant raises several claims of error.

Defendant first argues that the statement he made to the police was inadmissible as a violation of his right not to incriminate himself under the Fifth Amendment to the United States Constitution and Article I, Section 19 of the Missouri Constitution. His motion to suppress the statement was denied and, over objection, the statement was placed before the jury both by the playing of a videotaped confession and the testimony of a witness.

■ In analyzing this claim we must determine whether the evidence was sufficient to sustain the trial court's finding that the statement was voluntarily given. Once a defendant properly questions the voluntariness of his pretrial statement, the state has the burden of proving by a preponderance of the evidence that the statement was voluntary. *State v. Lytle*, 715 S.W.2d 910, 915 (Mo. banc 1986). The test for determining voluntariness is "whether under the totality of the circumstances defendant was deprived of a free choice to admit, to deny, or to refuse to answer, and whether physical or psychological coercion was of such a degree that the defendant's

will was overborne at the time he confessed." *Id.* Absent a showing of special circumstances, the state need only make a prima facie showing of voluntariness. *State v. Thomas*, 596 S.W.2d 409, 412 (Mo. banc 1980); *State v. Biddy*, 748 S.W.2d 794, 798 (Mo.App.1988). Defendant contends his confession was involuntary because there was no written waiver, no evidence that he clearly understood his waiver, and because the statement was induced by the police, who suggested that the incident was self-defense. He also contends that he did not voluntarily waive counsel prior to giving the statement.

At the hearing on the motion to suppress, the state offered the testimony of Sergeant Gary Poelling, a St. Louis police officer. He testified that, after receiving information about defendant's possible involvement, he and a detective picked the defendant up at his place of employment and took him in their car to the police station for questioning. They read his *Miranda* rights to him when they put him in the car. These included the right to remain silent and the right to have an attorney present. Defendant started talking in the car, but the police officers asked that he wait until they got to the police station. In the interview room the officers again advised the defendant of his rights. They asked him if he understood his rights and the defendant said, "Yes, I understand them," after which he gave his statement. They made no threats or promises to him during that questioning.

The defendant presented no evidence at the hearing. There was no evidence that the police obtained admissions by suggesting that defendant acted in self-defense.

■ We must affirm the trial court's ruling on a motion to suppress if the evidence is sufficient to sustain its finding. *State v. Baskerville*, 616 S.W.2d 839, 843 (Mo.1981). A voluntary waiver need not be in writing. It can be made orally by replying to questions after warnings are given. *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286, 292 (1979); *State v. Clark*, 592 S.W.2d 709, 716 (Mo. banc 1979). Defendant's acknowl-

edgement that he understood the warnings and the fact that he thereafter answered questions adequately evidenced a waiver of his rights, including his right to remain silent and his right to have counsel present. *Burnside v. State,* 473 S.W.2d 697, 700 (Mo.1971). Defendant did not testify and offered no evidence regarding the voluntariness of his statement. Accordingly the state made a prima facie showing of voluntariness. *State v. Biddy, supra,* 748 S.W.2d at 798. The first point is denied.

■ Defendant next contends that the trial court erred in admitting seventeen photographs of the wounded body of the deceased which he claims were repetitive and gruesome. The trial court did not abuse its discretion in admitting these photographs. Even if the photographs are gruesome, they are admissible to corroborate the testimony of a witness, to assist the jury to understand the facts and testimony of witnesses and to prove elements of the case. *State v. McMillin,* 783 S.W.2d 82, 101 (Mo. banc 1990). The photographs were offered in support of the murder charge. They corroborated the medical testimony relating to the location of the victim's wounds and the cause of death and assisted the jury's understanding of the nature and extent of the wounds. Such evidence was relevant to the question of self-defense. Furthermore, this issue is made moot by the fact that the jury returned a verdict of not guilty on the murder charge. The admission of the photographs obviously did not prejudice the defendant. *State v. Taylor,* 336 S.W.2d 495, 498 (Mo.1960). The second point is denied.

■ In his third point, defendant claims that the trial court erred in denying his motions for acquittal at the close of the state's case and at the close of all the evidence. Defendant introduced evidence after his motion for acquittal at the close of the state's case was overruled. He thus waived any claim of error based on that ruling. *State v. Maxson,* 755 S.W.2d 277, 280 (Mo.App.1988).

We therefore address only defendant's motion for acquittal at the close of all the evidence. In so doing, we must consider the facts in evidence and all favorable inferences which may reasonably be drawn therefrom in the light most favorable to the verdict and we must disregard all evidence and inferences to the contrary. *State v. McDonald,* 661 S.W.2d 497, 500 (Mo. banc 1983).

■ Defendant was charged with the crime of arson in the second degree in violation of § 569.050 RSMo 1986 which provides in part:

> A person commits the crime of arson in the second degree when he knowingly damages a building or inhabitable structure by starting a fire or causing an explosion.

Defendant contends that the state did not prove that he acted "knowingly" because he acted for the purpose of destroying evidence, not to destroy the building.

Defendant's argument confuses motive with acting "knowingly". Motive is what prompts a person to act. "Motive is the moving cause which induces action; it has to do wholly with desire." *State v. Santino,* 186 S.W. 976, 977 (Mo.1916). Many criminal acts involve some desire beyond the act itself—revenge, financial gain, or, as in this case, the destruction of evidence. However, this ultimate desire goes beyond the essential elements of the crime. The law does not prohibit bad motives; good motives are not a defense. *State v. Logan,* 344 Mo. 351, 126 S.W.2d 256, 261 (1939).

■ The culpable mental state for the crime of arson is that a defendant act "knowingly". A person "acts knowingly ... with respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result." § 562.016.3(2) RSMo 1986. Defendant testified that he decided to burn Oxenhandler's house down and that he went to Oxenhandler's house with the two firebombs he had made and threw one through the back window where it exploded and attempted to throw the second one through the front window. Such evidence establishes that he acted knowingly. This mental state is proved irrespective of defendant's

ultimate desire or motive, that the fire destroy evidence.

The state introduced evidence that arson had been committed by someone on the date and in the manner charged in Count II of the indictment. That evidence coupled with the defendant's admissions that he threw firebombs into the house in order to burn it down is sufficient to support the conviction. *State v. Ziegler*, 719 S.W.2d 951, 954 (Mo.App.1986). The third point is meritless and is denied.

 For his fourth point, the defendant claims that the trial court erred in giving MAI–CR 3d 302.04 which defines proof beyond a reasonable doubt as proof that leaves the jury "firmly convinced" of the defendant's guilt. He claims that this definition lowers the burden of proof. The MAI–CR 3d approved instructions are mandatory and we are prohibited from declaring that an instruction so adopted by the Supreme Court is erroneous. *State v. Franklin*, 752 S.W.2d 937, 939 (Mo.App. 1988); Rule 28.02(c). We note that the defendant's position has been thoroughly and repeatedly addressed and rejected by our Supreme Court. *State v. Murray*, 744 S.W.2d 762, 771 (Mo. banc 1988); *State v. Antwine*, 743 S.W.2d 51, 62–63 (Mo. banc 1987). We are constitutionally bound to follow the last controlling decision of the Supreme Court of Missouri. Missouri Constitution Article V, Section 2; *Kunkel v. State*, 775 S.W.2d 579, 580 (Mo.App.1989). The fourth point has no merit and is denied.

 For his next three points, defendant contends that the trial court erred in failing to instruct the jury on the offenses of knowingly burning, recklessly burning and negligently burning, which he argues are lesser offenses included in second degree arson. At trial defendant offered instructions on these offenses which were refused by the court. Defendant argues that the evidence supported the giving of these instructions. However, we must first determine whether any of these offenses are lesser offenses included in second degree arson. The trial court may not instruct on a lesser offense not necessarily

included in the offense charged. *State v. Amsden*, 299 S.W.2d 498, 504 (Mo.1957).

Our Supreme Court has described the test to determine if one offense is "necessarily" included in another as follows: "If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater." *State v. Amsden, supra*, 299 S.W.2d at 504 (quoting 27 Am.Jur. Indictments and Informations Section 194). *See also* § 556.046(1) RSMo 1986.

This test is based on a comparison of the statutory elements of the crimes, not the particular facts of the case. *State v. Smith*, 592 S.W.2d 165, 166 (Mo. banc 1979); *State v. Gobble*, 675 S.W.2d 944, 948–49 (Mo.App.1984).

[A]n offense does not become a lesser included offense because all of the elements of the lesser offense are supported by evidence at the trial. Rather, all elements of the lesser offense must be necessary to establish the greater offense when added to an additional element or elements. In short, the fact that the evidence establishes guilt of the defendant of a lesser crime does not necessarily mean that that crime is a lesser included offense and must be instructed upon.

*State v. Stone*, 571 S.W.2d 486, 487 (Mo. App.1978).

 Defendant was charged and tried for Arson Second Degree under § 569.050 RSMo 1986. The "lesser" offenses which defendant contends should have been included in the instructions are "knowingly burning", in violation of § 569.055 RSMo 1986, "recklessly burning", in violation of § 569.060 RSMO 1986 and "negligently burning", in violation of § 569.065 RSMo 1986. We will address these in order.

Section 569.050 provides that "[a] person commits the crime of arson in the second degree when he knowingly damages *a building or inhabitable structure* by

starting a fire or causing an explosion" (emphasis added). Section 569.055 provides that "[a] person commits the crime of knowingly burning or exploding when he knowingly damages *property of another* by starting a fire or causing an explosion" (emphasis added). Any charge of "knowingly burning" must include the element that the property damaged belonged to another. This element is not necessarily included in the felony of second degree arson. Knowingly burning is therefore not a lesser included offense of second degree arson. The trial court did not err in refusing to instruct the jury that knowingly burning was a lesser included offense of second degree arson.

 In this situation the defendant's conduct would have supported a conviction of either offense. It was within the discretion of the prosecutor to select the charge brought. *State v. Gibson*, 623 S.W.2d 93, 101 (Mo.App.1981). A defendant may not be convicted of an uncharged offense that is not a lesser offense. *Smith, supra*, 592 S.W.2d at 165; *Stone, supra*, 571 S.W.2d at 487.

The crimes of recklessly burning and negligently burning likewise are not on their face lesser included offenses of second degree arson. These crimes also apply only to buildings or inhabitable structures *of others*, whereas second degree arson has no such restriction on ownership. Additionally, there was no evidence in the record which would provide a basis for convicting defendant of negligent or reckless burning. See, *State v. Gobble, supra*, 675 S.W.2d at 949.

The judgment of the circuit court is affirmed.

REINHARD, P.J., and STEPHAN, J., concur.