**STATE of Missouri, Respondent,**

v.

**James D. POE, Jr., Appellant.**

No. 62345.

Missouri Court of Appeals,
Eastern District,
Southern Division.

May 25, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 23, 1993.

Application to Transfer Denied
Aug. 17, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

Lowes & Drusch, Albert C. Lowes, Cape Girardeau, for appellant.

KAROHL, Chief Judge.

Defendant, James D. Poe, Jr., appeals his jury conviction and sentence for burglary second degree, § 569.170 RSMo 1986 and arson first degree, § 569.040 RSMo 1986. The court sentenced defendant to imprisonment of twenty years for burglary second degree and twenty-five years for arson first degree, the sentences to run concurrently. We affirm.

On appeal, defendant argues the court erred in failing to grant a motion for judgment of acquittal in that the state failed to make a submissible case of arson first degree. In addressing defendant's motion for acquittal, we view the facts in evidence and all reasonable inferences that may reasonably be drawn therefrom, in the light most favorable to the verdict. *State v. Weems*, 800 S.W.2d 54, 57 (Mo.App. 1990). We disregard all evidence and inferences to the contrary. *Id.*

"A person commits the crime of arson in the first degree when he knowingly damages a building or inhabitable structure, ... when any person is then present ... by starting a fire ... and thereby recklessly

places such person in danger of death or serious physical injury." Section 569.040.1

██ Defendant claims the state failed to prove that the fire was of incendiary origin or that he knowingly started the fire. The incendiary origin of a fire may be established by circumstantial evidence. *State v. Smith,* 770 S.W.2d 469, 473 (Mo. App.1989). In this case, an assistant fire chief who investigated the cause of the fire testified the fire began in a bedroom, as demonstrated by the burn patterns on the studs on the wall. He ruled out both spontaneous combustion and electrical outlets as causes of the fire. He further testified that no smoking materials were found in the bedroom. He concluded the fire began on the bed because of the damage to the bedsprings, and someone intentionally started the fire.

In addition, a detective testified defendant confessed that he intentionally set his ex-girlfriend's bed on fire. An arson investigator's testimony that a fire had been intentionally set, along with testimony of witnesses that defendant admitted to starting the fire, has been held to be sufficient evidence to support a conviction of arson. *See, State v. Craven,* 657 S.W.2d 357, 359 (Mo.App.1983). Thus, the assistant fire chief's testimony that the fire was of incendiary origin and the detective's testimony that defendant admitted starting the fire are sufficient to support the conviction. Point denied.

Defendant also claims the trial court erred in admitting evidence of defendant's use, sale, and/or possession of cocaine. Defendant argues that the testimony was evidence of other crimes, not relevant to the crimes charged, and thus, its prejudicial effect outweighed its probative value. The trial court overruled defendant's motion in limine and continuing objections and allowed testimony referring to defendant's drug use and a prior theft.

██ Evidence of an uncharged crime is usually not admissible because such evidence may result in a conviction based on the uncharged crime, not on the merits. *State v. Kitson,* 817 S.W.2d 594, 596 (Mo. App.1991). There are exceptions to this general rule, however. Evidence of an uncharged crime that has independent logical relevance to a fact in issue may be admissible, if its prejudicial effect does not outweigh its probative value. *Id.* at 597. Thus, evidence of an uncharged crime is admissible if it tends to establish motive, intent, identity, the absence of mistake or accident, or a common scheme or plan embracing the commission of two or more crimes. *Id.* The balancing of the prejudicial effect and probative value of evidence of uncharged crimes lies within the sound discretion of the trial court. *State v. Mallett,* 732 S.W.2d 527, 534 (Mo. banc 1987), *cert. denied,* 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1988).

██ The state argues the evidence of prior misconduct was admissible to show defendant's motive to set fire to the residence. The state adduced evidence at trial that defendant dated Jennifer Shurn during the months before the arson. According to her testimony, their relationship involved the almost-daily use of drugs. Defendant would give Jennifer money to buy cocaine for both of them. Jennifer further testified that on the day of the arson, she heard defendant's father tell defendant that he wanted defendant to stop using drugs and that defendant was not going to be allowed to steal anymore from him. Other witnesses testified to defendant's drug use and his theft of a television set from his father to buy cocaine. The state asserts that after defendant's father cut off his supply of funds for drugs and Jennifer terminated the relationship, defendant sought revenge on Jennifer for ending one of the relationships that facilitated his drug use. Wide latitude is generally allowed in the development of evidence of motive. *Id.* at 535. Evidence of other crimes has frequently been admitted to show motive, despite any incidental prejudice to defendant. *Id.* The evidence of the uncharged misconduct establishes defendant's motive for setting the fire. Furthermore, it was within the sound discretion of the trial court to admit the evidence, despite any incidental prejudice to defendant.

Defendant's reliance on *State v. Bernard*, 849 S.W.2d 10 (Mo. banc 1993) is misplaced. *Bernard* was published after briefs were submitted in this case, but before oral arguments. *Bernard* involved a prosecution for sexual abuse in the first degree and attempted forcible sodomy.[1] *Id.* at 1. The state adduced evidence that defendant had engaged in prior uncharged acts of sexual misconduct. On appeal, the Missouri Supreme Court ruled that evidence of prior sexual misconduct that corroborates the testimony of the victim should be limited to that which is "nearly identical to the charged crime and so unusual and distinctive as to be a signature of the defendant's *modus operandi.*" *Id.* at 17. Thus, the court adopted a signature *modus operandi*/corroboration exception to the rule prohibiting evidence of prior uncharged misconduct. Defendant argues that the evidence of his drug use and acts of theft are not so nearly identical to the burglary and arson for which he was charged to be admissible under the "signature crimes" exception. We find the *Bernard* exception applies when the issue is proof of a "common scheme or plan." In our case, the disputed evidence was offered to prove defendant's motive to commit the charged crimes. The court in *Bernard* specifically said, "[M]otive ... is [not] ... at issue in this case." *Id.* at 13. Thus, *Bernard* leaves intact the exception of motive. It is not controlling in this case. Point denied.

■ Defendant next contends the trial court erred in refusing to submit his alibi instruction. He offered an instruction based on MAI–CR3d 308.04:

One of the issues (under Count __) (in this case) is whether the defendant was present at (_____). On that issue, you are instructed as follows:

1. The state has the burden of proving beyond a reasonable doubt that the defendant was present at the time and place the offense is alleged to have been committed.

2. If the evidence in this case leaves in your mind a reasonable doubt that the defendant was present at (__), then you must find the defendant not guilty (under Count __).

The premise of an alibi defense is that the defendant was not at the place where the offense was committed. *State v. Reese*, 787 S.W.2d 768, 773 (Mo.App.1990). The trial court is required to give an alibi instruction if requested and if the evidence supports it. *Id.* No alibi instruction will be given unless there is supportive evidence that the defendant was somewhere other than the place of commission, during the *entire time* of commission. (Emphasis added). *Id.* The evidence must be sufficient to create a reasonable doubt in the average juror's mind as to the defendant's presence at the scene of the crime. *Id.*

■ In this case, defendant did not present sufficient evidence to support a finding he was somewhere other than at the scene of the burnt building during the entire time of the commission of the burglary and arson. Jennifer's brother testified that Jennifer was living at his home the date of the arson. At approximately 3:00 p.m., defendant came by the house looking for Jennifer. She was not there. At 3:45 p.m., defendant and Jennifer's brother went to the store. They left the store and returned to the house, where defendant stayed until 7:00 or 7:15 p.m. The fire department received a telephone report of the fire at 7:25 p.m. Defendant was then arrested approximately two miles from the scene of the fire. He was walking away.

A resident of the apartment building where the fire was set testified that she arrived home a little after 6:00 p.m. She saw defendant at Jennifer's sister's door at approximately 6:45 or 7:00. Five or ten minutes later, the resident smelled smoke and minutes before she smelled smoke and discovered the fire. There was no direct or circumstantial evidence to refute this evidence. Point denied.

Defendant also argues that jury Instruction No. 10, the verdict-directing instruction was flawed because the instruction: (1) erroneously included non MAI–CR language

---

**1.** The *Bernard* exception may apply only to crimes involving sexual abuse of children.

of "under this instruction," (2) contained an improper definition of "arson," and, (3) did not define the terms "recklessly" and "serious physical injury." At the instructions conference, defendant's counsel made a general objection to the instructions submitted by the state. He refused to lodge any specific objections, even after the trial court informed him that his failure to do such may be at least a factor in the court's refusal of error on instructions given or refused.

The instruction, as given, reads:

As to **Count I,** if you find and believe from the evidence beyond a reasonable doubt:

**First,** that on or about the 28th day of November, 1991, in the County of Cape Girardeau, State of Missouri, the defendant knowingly entered unlawfully in an inhabitable structure located at Apartment 6, 212 South Lorimier Street and possessed by Esther Gilwater, and

**Second,** that defendant did so for the purpose of committing the crime of arson therein,

then you will find the defendant guilty under Count I of burglary in the second degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offence <u>under this instruction</u>.

The crime of arson is committed when someone knowingly damages an inhabitable structure by starting a fire and that there were other people in the near proximity and that they were recklessly placed in danger of death or serious physical injury.

If you do find the defendant guilty under Count I of burglary in the second degree, you will return a verdict finding him guilty of burglary in the second degree. (Emphasis ours).

The underlined words are not in MAI–CR3d 323.54. It is not clear why they were included. However, defendant contends for the first time on appeal that the added words require a new trial.

Instructional errors are reversible if the error misleads the jury to the prejudice of the defendant. *State v. Wilkerson,* 786 S.W.2d 236, 239 (Mo.App.1990). To determine prejudice, this court reviews both the facts and instructions together as a whole. *Id.* Generally, instructions should not be confusing, ambiguous, or equivocal, nor should they mislead the jury. *Id.*

Rule 28.03 provides that objections to instructions may be "supplemented or enlarged in motions for new trial." However, defense counsel's failure to make a specific objection is a factor to be considered in determining prejudice. *State v. Livingston,* 801 S.W.2d 344, 349 (Mo. banc 1990).

For three reasons we find no prejudicial error although departure from MAI–CR is error. Rule 28.01(c). First, the defendant claims that the paragraph that begins, "However, unless you find and believe ..." impermissibly concluded with the words "under this instruction." Defendant argues that this addition may have submitted a roving commission to the jury. In addition, he claims that even if the state failed to prove the elements of the crime, burglary in the second degree, the jury could convict him of burglary "outside the instruction." A reasonable interpretation of the added words refutes the argument.

The phrase "under this instruction," when viewed together with all the instructions, was a mere admonishment to the jury to consider the evidence of the charged burglary adduced at trial as it related to that particular verdict directing instruction. Affirmatively stated, the jury was instructed to consider Instruction No. 10 separate and apart from the verdict-directing instruction for arson in the first degree, No. 12. Defendant agrees that the phrase "this instruction" is singular in number. Furthermore, the phrase is, at most, superfluous and, therefore, not misleading or confusing to the jury. The entire paragraph is a direction to find defendant not guilty if the state failed to prove the burglary charge. The added words do

not diminish the burden of proof or detract from defendant's rights.

■ Second, defendant argues that Instruction No. 10 contained an improper definition of "arson." Defendant asserts that the definition of arson should have been taken from MAI–CR3d 333.00 which reads, "A person commits the crime of arson when he knowingly damages a building or inhabitable structure by starting a fire or causing an explosion." In Instruction No. 10, the crime of arson was defined as follows; "When someone knowingly damages an inhabitable structure by starting a fire and that there were other people in the near proximity and that they were recklessly placed in danger of death or serious physical injury." This definition was patterned after MAI–CR3d 323.06 or § 569.040 RSMo Cum.Supp.1990.

We note that the definition of arson contained in Instruction No. 10 deviates from the general form as set forth in MAI–CR3d 333.00. However, the Notes on Use to MAI–CR3d 333.00 state that "if a definition [of a term] is either required or permitted ..., but the definition of that term is not contained in MAI–CR3d 333.00, an appropriate definition shall be submitted to the court in proper form for its approval." The definition of arson in MAI–CR3d 333.00 is for arson in the second degree. The burglary would be supported by either arson first or arson second degree. Accordingly, either definition would be sufficient to submit the burglary. Therefore, the state could offer and the court submit a definition of arson first degree or arson second degree. The submitted definition included the additional requirements that people were in the near proximity and that they were recklessly placed in danger of death or serious physical injury. Moreover, the requirement of a higher burden of proof was not prejudicial to defendant.

Defendant also argues that the term "someone," in the definition, permitted the jury to find arson by any person, rather than defendant. By this logic, the same can be said of the term "person" contained in MAI–CR3d 333.00. The definition paragraph is only part of a complete instruc-

tion. Reference to "someone" is not confusing and it does not lessen the state's burden of proof. It did not prejudice defendant.

Finally, defendant argues Instruction No. 10 did not contain definitions of the terms "recklessly" and "serious physical injury." These terms are defined in Instruction No. 12, the verdict-directing instruction on Count II, which charged arson first degree. That instruction was patterned after MAI–CR3d 323.06. The terms must be defined in submitting the arson first degree. Where there was no objection to not defining the terms in the burglary Instruction No. 10, and the terms were properly defined for the jury in the instruction referencing *the same crime*, arson first degree, we find no misdirection and no prejudice. We do not approve of the failure to define the terms in the instruction. However, on the substantive and procedural facts of this case we find no prejudice. Point denied.

■ Defendant contends the court restricted the voir dire by the following:

THE COURT: I am going to require you to ask questions directed to the entire jury panel. If you get a response from any individual, you can then follow up; but, until you get any response, your questions will have to be general questions of the entire panel.

\* \* \* \* \* \*

THE COURT: You are allowed to ask questions to the general panel only.

\* \* \* \* \* \*

THE COURT: Yes, unless they give an answer to a question to the entire panel.

\* \* \* \* \* \*

THE COURT: Okay, I'm not going to allow it. You are to ask questions permissible to the entire panel. I have given the burden of proof instruction and asked the panel whether they can follow that instruction. In any event, I am going to preclude you from any individual voir dire, unless it is in response to a question to the entire panel. And if you get any responses from any jurors, you can ask individual follow-up questions.

We find no abuse of discretion in the procedural ruling, no violation of *State v. Smith*, 649 S.W.2d 417, 422 (Mo. banc 1983), *cert. denied*, 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983), and, no demonstrated prejudice or real probability of injury attributable to the ruling. The instructions did not foreclose any line on inquiry, they merely required general questions to the panel as a whole before specific questions to a venireperson if indicated.

■ Defendant's last claim of error is in admission of a photograph taken of defendant twenty minutes after arrest, a "booking" photograph. The picture is said to show defendant "in an unclean and unkept appearance" and was unnecessary to the state's case. We do not have the exhibit to review. *See State v. Reese*, 787 S.W.2d 768, 773 (Mo.App.1990). It is not clear why the photograph was offered or what it was intended to prove. However, our review does not support a conclusion of an abuse of broad trial court discretion in admitting the photograph. *See, State v. Schlup*, 724 S.W.2d 236, 242 (Mo. banc 1987), *cert. denied*, 482 U.S. 920, 107 S.Ct. 3198, 96 L.Ed.2d 685 (1987).

The judgments are affirmed.

REINHARD and CRIST, JJ., concur.