STATE of Missouri, Respondent,

v.

Cardrell JONES, Appellant.

No. 68449.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 10, 1996.

Robert E. Steele, Jr., Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Cardrell Jones ("defendant"), appeals from the judgment of conviction for robbery in the first degree, RSMo § 569.020 (1994), and armed criminal action, RSMo § 571.015 (1994), entered by the Circuit Court of St. Charles County after a trial by jury. We affirm.

The evidence, viewed in a light most favorable to the state, reveals on February 20, 1994, at approximately 3:00 a.m., Jennifer Hunter drove a truck alongside Darren Dickey as he walked to the store. Hunter and Dickey observed two males approaching on foot. Dickey instructed Hunter to meet him back at their apartment. At that point, one of the men reached through the driver's side window of the truck, placed a gun against Hunter's head, and physically removed her from the truck. Both Hunter and Dickey ran to a nearby apartment complex and notified police.

Several weeks later, Hunter identified defendant in a police lineup. On April 8, 1994, defendant was charged by information with one count of robbery in the first degree and one count of armed criminal action. A jury trial began March 21, 1995, and continued through March 22, 1995. On March 22, the jury returned a verdict of guilty on both counts.

Defendant filed a motion for judgment notwithstanding the verdict, or in the alternative a motion for new trial, on April 14, 1995. On June 1, 1995, the trial court denied defendant's motions and sentenced defendant to ten years imprisonment for robbery in the first degree, and three years imprisonment for armed criminal action, to be served consecutively. This appeal follows.

It appears defendant argues the trial court erred in refusing to give his proffered jury instruction. Defendant's Instruction B is modeled after MAI–CR3d 310.08, regarding presence at or near the scene of the crime. The MAI–CR3d 310.08 instruction "should *only* be given if the verdict directing instruction is patterned after MAI–CR3d 304.04 and if requested in proper form either by the defendant or by the state." Notes on Use 2 (1989) (emphasis added). However, MAI–CR3d 304.04, the accomplice liability instruction, need not be submitted where the evidence shows, despite the involvement of another actor, defendant himself committed all the elements of the offense. Notes on Use 4 (1994). In such a case, the ordinary verdict directing instruction for the offense can be used. *Id.*

In the present case, Instruction No. 6, which sets forth the elements of robbery in the first degree, was patterned after MAICR3d 323.02, as opposed to MAI–CR3d 304.04. In submitting Defendant's Instruction B, the trial court would have violated the Notes on Use for MAI–CR3d 310.08 because Defendant's Instruction was not submitted in conjunction with MAI–CR3d 304.04. Also, under the facts of this case, a submission of MAICR3d 304.04 in the first instance also

would have violated the Notes on Use for that instruction as well. Submission of an instruction in violation of the Notes on Use under MAI–CR3d constitutes error. Rule 28.02(f); *State v. Livingston,* 801 S.W.2d 344, 348 (Mo.banc 1990). Therefore, defendant was not entitled to submission of an accomplice liability instruction, and the trial court properly refused defendant's proffered instruction.

■ Defendant also contends the trial court erred in failing to instruct the jury on accomplice liability when the language of the information charged "defendant, acting in concert with others, forcibly stole a 1991 GM Jimmy, four door 4x4 in the possession of Jennifer F. Hunter and in the course thereof displayed what appeared to be a deadly weapon." An instructional error is reversible if the error so misleads the jury as to result in prejudice to the defendant. *State v. Poe,* 857 S.W.2d 419, 423 (Mo.App. E.D. 1993). In order to determine whether the omission of an instruction constitutes prejudicial error, we must consider the facts of the case in conjunction with the submitted instructions. *Id.*

In this case, Instruction No. 6 set forth the elements of robbery in the first degree. The evidence presented and the reasonable inferences therefrom supported the theory defendant himself committed the robbery. After defendant consented to a search of his residence, police officers recovered the custom made softball jacket and cellular telephone reported stolen during the commission of the offense. In addition, Hunter identified defendant in a police lineup and again at trial as the perpetrator. When questioned by police, defendant stated that "she" would have to pick him out of a police lineup; when asked how he knew the victim was a female, defendant had no response. From this evidence, the jury could have reasonably inferred defendant himself committed all the elements of robbery in the first degree.

Although the charging information mentions other actors in the robbery, the submitted instruction only permitted the jury to convict defendant if they believed he himself committed each and every element of robbery in the first degree. The state, in sub-mitting the case upon this hypothesis, assumed a greater burden than it would have upon the aider or abettor hypothesis. *See State v. Tolson,* 630 S.W.2d 611, 613 (Mo. App. W.D.1982). Limiting the bases for conviction operated to the defendant's advantage and thus was, at most, harmless error. *State v. Murray,* 630 S.W.2d 577, 580 (Mo.banc 1982).

■ Further, contrary to defendant's contentions, we find the variance between the information charging defendant acted "in concert with others" and the instruction submitting liability based on defendant's own conduct was not prejudicial. A variance between the crime charged in the information and that submitted to the jury is only fatal if the instruction submits a new and distinct offense. *State v. Merchant,* 871 S.W.2d 102, 105 (Mo.App. E.D.1994). Here, although the instruction omitted any reference to other actors involved in committing the offense, it did not submit a new and distinct offense to the jury. Both the information and the instruction refer to the same offense of robbery in the first degree.

■ Moreover, a variance is not fatal provided the information reasonably informs defendant of the evidence which will be presented at trial. *State v. Baker,* 850 S.W.2d 944, 952 (Mo.App. E.D.1993). In this case, the information reasonably informed defendant that the evidence would reveal he forcibly stole the truck while displaying what appeared to be a deadly weapon.

The State's evidence in this case was sufficient to support the submission of Instruction No. 6. There was no misdirection of the jury to the prejudice of defendant. Defendant's conviction could not reasonably have been based, as he contends, on his mere presence at the scene of the crime. Therefore, we find the trial court did not err in failing to instruct the jury on accomplice liability.

Based on the foregoing, the judgment of the trial court is affirmed.

DOWD, P.J., and REINHARD, J., concur.