**STATE of Missouri, Plaintiff–Respondent,**

v.

**Kareem Akbar HURLEY, Defendant–Appellant.**

No. 27427.

Missouri Court of Appeals, Southern District, Division One.

Dec. 6, 2006.

Margaret M. Johnston, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie L. Wan, Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Kareem A. Hurley ("Appellant") was convicted of forcible rape under Section 566.030,[1] second-degree assault under Section 565.060, and armed criminal action under Section 571.015. He was found guilty in a jury-tried case and received a life sentence for forcible rape, fifteen years for second-degree assault, and a life sentence for armed criminal action; all sentences were ordered to run consecutively to one another. Appellant brings one point on appeal, contending that the trial court erred in permitting the victim's daughter to testify as a rebuttal witness. Finding no abuse of the trial court's discretion, we affirm.

Appellant met Marilyn Clark ("Victim") in August 2003. During the course of their relationship, they frequently smoked crack cocaine together and occasionally engaged in sexual intercourse. On December 29, 2003, Victim accepted Appellant's invitation to have dinner at his house. Soon after she arrived, Appellant offered her some crack cocaine to smoke. Victim took one hit and before she exhaled, Appellant stabbed her in the head. This was the beginning of Appellant's violent attack of Victim in which he stabbed her multiple times, punched her in the face and chest, threatened to kill her, forced her to perform oral sex on him, and eventually raped her. After the attack, Appellant forced Victim to stay the night with him.

The next morning, Victim begged Appellant to let her go. Appellant made Victim put a bandana on to cover the stab wounds on her head. He also forced her to apply makeup to conceal the bruises on her face. When Victim was outside with Appellant, her ex-husband drove by. She jumped in the van with her ex-husband and went home. Because Appellant threatened Victim's children, she made sure they were safely out of town before calling the police later that day.

At trial, Appellant did not testify on his own behalf but presented three witnesses. Two of those witnesses were Appellant's roommates, Earl Brown and his girlfriend Debbie Lovelass. Mr. Brown stated that because his bedroom was next to the room where Appellant slept, he could hear when Appellant was moving around. Mr. Brown said that he did not hear any fighting or screaming the night of December 29, 2003, nor did he see any blood the next morning. Ms. Lovelass claimed she neither heard nor saw anything out of the ordinary during or after the alleged attack. On cross-examination, Ms. Lovelass admitted that she and Mr. Brown had been drinking that night and would not have heard anything after they fell asleep.

In rebuttal, over Appellant's objection, the State called Victim's sixteen-year-old daughter, L.C. L.C. testified that when her mother returned home on the morning of

1. All references to statutes are RSMo 2000, unless otherwise specified.

December 30, 2003, she had on pale white makeup that she did not normally wear. L.C. described her mother's injuries and noted that Victim did not have them the day before. L.C. also noticed that her mother was acting unusually skittish, scared, and quiet.

Appellant's sole point on appeal is that the trial court abused its discretion in allowing L.C. to testify as a rebuttal witness. He argues that L.C.'s testimony was not proper rebuttal evidence because it did not explain, counteract, or refute the evidence he offered at trial. He maintains that the testimony of Mr. Brown and Ms. Lovelass merely proved that they did not hear or see anything. He alleges that the admission of L.C.'s testimony allowed the State to close its case with the emotional testimony of the sixteen-year-old daughter of the alleged forcible rape victim. Appellant claims that he was prejudiced by the court's abuse of discretion and his convictions should be reversed and his case remanded for a new trial.

■■■ Rebuttal evidence is "[a]ny competent testimony that tends to explain, counteract, repel or disprove" defense evidence. *State v. Williams*, 442 S.W.2d 61, 65 (Mo. banc 1968), *overruled in part on other grounds by State v. Ayers*, 470 S.W.2d 534, 538 (Mo. banc 1971). The trial court is vested with broad discretion over the admission and scope of rebuttal evidence. *See State v. Bradley*, 57 S.W.3d 335, 339 (Mo.App. S.D.2001) and *State v. Collis*, 849 S.W.2d 660, 665 (Mo.App. W.D. 1993). This Court will not hamper the exercise of that discretion unless it is clear that the trial court's ruling is against the logic of the circumstances and is "so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Hancock v. Shook*, 100 S.W.3d 786, 795 (Mo. banc 2003).

■■■ The trial court did not abuse its discretion in allowing L.C.'s rebuttal testimony. Mr. Brown and Ms. Lovelass testified that they could normally hear Appellant moving around the house when they were in their room. Both witnesses claimed they did not hear anything out of the ordinary on the night of December 29, 2003. The inference created by their testimony was that Appellant did not attack Victim that night.

L.C. testified that her mother was not injured when she saw her before she went to Appellant's house on December 29, 2003. The next morning, L.C. observed Victim's injuries and her unusual, "skittish" demeanor when she returned from Appellant's house. L.C.'s testimony amounted to the logical conclusion that something happened to Victim while she was with Appellant. L.C.'s testimony was proper rebuttal evidence because it directly countered the evidence produced by the defense. *State v. Reese*, 787 S.W.2d 768, 771 (Mo.App. W.D.1990). Though the State could have used L.C.'s testimony during its case-in-chief, it does not mean that it was improperly admitted in rebuttal. *Id.*

We find that the trial court did not abuse its discretion in allowing L.C. to testify as a rebuttal witness. Accordingly, the judgment is affirmed.

PARRISH, J., SCOTT, J., concur.