STATE of Missouri,
Plaintiff-Respondent,

v.

John E. FAUST, Defendant-Appellant.

Nos. 50296, 50354.

Missouri Court of Appeals,
Eastern District,
Division Six.

April 1, 1986.

Rehearing Denied May 6, 1986.

Dewey S. Godfrey, Jr., St. Louis, for defendant-appellant.

Allan B. Kaiser, Asst. Pros. Atty., St. Louis, for plaintiff-respondent.

CLEMENS, Senior Judge.

Defendant John E. Faust has appealed the trial court's judgment finding him guilty of driving while intoxicated. That Court had found him guilty, fined him $500 and suspended execution pending this appeal.

Defendant does not here challenge testimony of arresting police officer James Bohnert. He first testified to stopping defendant at 2:10 a.m. after observing his erratic driving, as defendant got out of his car he walked and spoke erratically, and his eyes were red and watery and his speech was

slurred. On the way to a hospital for sobriety tests, defendant admitted having consumed six or seven drinks of whiskey.

As said, defendant does not here challenge the testimony of officer Bohnert showing he had been driving while intoxicated. Instead, defendant challenges the testimony of the testing personnel in the hospital. We summarize their testimony.

Dr. Cynthia Goto testified that about 3:00 a.m. she drew a sample of defendant's blood to determine its alcohol level; later she gave the test tube to officer Bohnert.

Jerry Orlando testified he is a forensic scientist for the St. Louis County Police Department. He received the blood sample after it was drawn by Dr. Goto, and he in turn passed it on to Carla Noziglia, a medical technologist who was Orlando's supervisor. Noziglia prepared a laboratory report that showed the defendant's blood alcohol content to measure .16 grams of alcohol per 100 milliliters of blood at the time the sample was drawn. A later breath analysis test of defendant produced a blood-breath percentage of .0095.

■ Here defendant challenges the conclusion of his intoxication under § 577.037.-5, RSMo.Supp.1984, based on the contradictory breath analysis testimony showing less than .010 percent alcohol. The cited statute in subsection (3) *excludes* cases where, as here, there is either evidence of alcoholic intoxication or admissions by the defendant.

■ Defendant also alleges error in the trial court's reception of the report of the blood-alcohol test performed on defendant. In large part, his objection centers on the absence at trial of Carla Noziglia, who prepared the report. It is not required, however, that the preparer of the report establish its foundation at trial. *See State v. Merritt*, 591 S.W.2d 107 [2] (Mo.App.1979), holding:

> There is no question under the law that opinions of experts contained in a laboratory report prepared by that expert are admissible without the presence

of and testimony of the expert himself...."

... " 'The authorities generally agree that it would be impracticable to set any absolute standard as to the qualifications of an expert witness; and that of necessity the question must rest largely in the sound discretion of the trial court.' *State v. Rose*, 249 S.W.2d 324, 332 (Mo. banc 1952)."

591 S.W.2d at 113 (*quoting State v. Rhone*, 555 S.W.2d 839, 841–42 (Mo. banc 1977)). *See also* our opinion in *State v. Jones*, 534 S.W.2d 556 [1–3] (Mo.App.1976). We find the requirements of § 490.680, RSMo.1978 (The Uniform Business Records as Evidence Law), fully satisfied in this case.

We hold the trial court did not err in finding defendant guilty of driving while intoxicated.

Affirmed and remanded for execution of sentence.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.