**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Cora HALL, Defendant–Appellant.**

No. 52893.

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 25, 1988.

Stormy B. White, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant, after waiving her right to a jury trial, was convicted of possession of a controlled substance, schedule III, phencyclidine, § 195.020, RSMo 1986, and was sentenced to serve a term of two years.[1] She appeals; we affirm as corrected.

On the evening of June 6, 1985, Officer Melvin Bryant of the St. Louis County Po-

---

1. Defendant was charged and convicted of possession of a controlled substance, phencyclidine. However, in both the information and sentence this substance was referred to as a schedule II substance. Section 195.017.6(3)(g), RSMo 1986, lists phencyclidine as a schedule III substance.

lice Department stopped a vehicle because of a traffic violation. Defendant was a passenger in the vehicle. The officer called his dispatcher and discovered defendant was wanted by the City of St. Louis. He handcuffed her and placed her in his patrol car. The officer drove to 8000 St. Charles Rock Road, where he got out of the car and verified by phone that defendant was still wanted by the City. When he returned to the car he noticed defendant was trying to move around within the vehicle. He opened the passenger door and observed a white stocking hanging out of her right rear pocket. Officer Bryant removed the sock from her pocket, and inside the sock he found a small glass bottle which contained a yellowish liquid.

The liquid was analyzed by John Walsh, who was a forensic scientist for the St. Louis County Crime Laboratory. At trial forensic scientist Gerald Orlando testified from a lab report which Walsh had prepared. The report indicated that an analysis of the substance showed the bottle contained "approximately 10 millimeters [sic] of phencyclidine." Phencyclidine is listed as a schedule III controlled substance under Missouri law.

On appeal defendant raises one point. She contends the court erred in admitting into evidence the results of the laboratory analysis "when there was an improper foundation for said evidence in that said evidence was inadmissible hearsay." She argues that the testimony of Orlando was insufficient to provide a foundation for admitting the lab report prepared by Walsh and that she was denied the right to cross-examine the person who had prepared the report.

The lab report was admitted into evidence under the Uniform Business Records as Evidence Act, which provides in part as follows:

A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

§ 490.680, RSMo 1986. The purpose of the act was to broaden the scope of admissibility of records made in the regular course of business as an exception to the hearsay rule. The trial court has considerable discretion in passing upon the admissibility of the record. *State v. Davis*, 608 S.W.2d 437, 439–40 (Mo.App.1980).

Orlando testified both he and Walsh were forensic scientists employed at the St. Louis County Crime Laboratory, and each had a bachelor's degree in chemistry. He stated that he had worked in the lab for over three years, that Walsh had worked at the lab "since the Seventies," and that both of them had experience in conducting the lab tests which formed the basis for the determination the substance found on defendant was phencyclidine or PCP. Walsh was on detachment leave with the military at the time of trial, Orlando said. He further testified the lab report filled out by Walsh pursuant to his analysis of the substance indicated it was PCP.

■ When the state offered the lab report into evidence, defendant made the following objection:

Mr. Zotos (defense counsel): I renew, preserve my objection regarding the ultimate finding of the substance, that it is P.C.P., and second, on the basis it is not a business record and cannot be used to

The penalty for possession of a schedule II substance includes imprisonment in a state correctional institution for a term of not more than 20 years, while the penalty for possession of a schedule III substance is imprisonment for not less than two years nor more than 10 years. There is no challenge to the sufficiency of the evidence for possession of phencyclidine. The state proved all the elements of the offense. We

hereby correct the sentence as ordered by the trial court to read, "defendant was found guilty of possession of phencyclidine, a schedule III controlled substance." All other references to schedule II in the sentence are corrected to read "schedule III." The sentence is otherwise affirmed. Defendant has no reason to complain because this amendment is to her advantage.

make an ultimate fact. The qualifications this gentleman has shown, for testimony concerning No. 3 [state's exhibit no. 3, the lab report], I do not have an opportunity to cross-examine Mr. Walsh as to his qualifications to make any finding whatsoever.... [T]here is no showing of this gentleman [having] any familiarity with the examination conducted for this report, State's exhibit No. 3.

The trial court overruled the objection and received the lab report into evidence. We conclude defendant's objection was sufficiently specific and timely to preserve his point. *See, State v. Bailey,* 714 S.W.2d 590, 593 (Mo.App.1986); *State v. Kenner,* 648 S.W.2d 552, 553–54 (Mo.App.1983).

Defendant's contention is similar to that raised by the defendant in *State v. Faust,* 709 S.W.2d 121 (Mo.App.1986). In *Faust* the defendant alleged error in the admission of a blood alcohol test performed on him. His objection centered on the absence at trial of Carla Noziglia, who prepared the report. We held it is not required, however, that the preparer of the report establish its foundation at trial and found the requirements of § 490.680, RSMo 1978, fully satisfied. *Faust,* 709 S.W.2d at 122. In *State v. Merritt,* 591 S.W.2d 107, 113 (Mo.App.1979) the court stated:

> There is no question under the law that opinions of experts contained in a laboratory report prepared by that expert are admissible without the presence of and testimony of the expert himself....
>
> " 'The authorities generally agree that it would be impractical to set any absolute standard as to the qualifications of an expert witness; and that of necessity the question must rest largely in the sound discretion of the trial court.' *State v. Rose,* 249 S.W.2d 324, 332 (Mo. banc 1952)."

591 S.W.2d at 113 (*quoting State v. Rhone,* 555 S.W.2d 839, 841–42 (Mo. banc 1977)).

■ The testimony of Orlando was sufficient to establish the qualifications of himself and Walsh as experts in testing for PCP and his familiarity with the testing procedure to detect PCP. As in *Faust,* we find no abuse of discretion in the present case in the admission of the police lab report.

Judgment affirmed as corrected.

GARY M. GAERTNER, P.J., and CRIST, J., concur.