**STATE of Missouri, Plaintiff/Respondent,**

v.

**Rashad WATT, Defendant/Appellant.**

**Rashad WATT, Movant/Appellant,**

v.

**STATE of Missouri,
Respondent/Respondent.**

**Nos. 63920, 65179.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 4, 1994.

Robert E. Steele, Jr., Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant appeals from his conviction by a jury for second degree trafficking drugs, § 195.223.2, RSMo Supp.1993, and misdemeanor possession of marijuana, § 195.202, RSMo Supp.1993. He was sentenced by the court as a persistent offender and a prior drug offender to ten years' imprisonment for trafficking and one year for possession, sentences to run concurrently. We reverse and remand.

On June 28, 1992, police officer Clifford Tomlin was on patrol with police officer Kevin Cunningham in District 8 in the City of St. Louis. At approximately 7:30 p.m. while driving south down Euclid, the officers came upon the 4800 block of Martin Luther King Drive where they observed approximately fifteen young men standing around in a parking lot. The officer saw one of the men, subsequently identified by both officers as defendant, break from the crowd. Defendant kept turning around and making eye contact with Tomlin and Cunningham, who were in uniform and in a marked police vehicle. The officers followed defendant.

As they continued driving, the officers noticed that defendant was carrying a black bag trimmed with black leather. They watched as he stood near a 1991 Dodge Dart. The other men in the parking lot were dispersing by this time. The officers pulled in behind the Dodge. As they did so they saw defendant open the Dodge's door and throw the black bag into the vehicle. After defendant tossed the bag into the car, Cunningham inquired as to why he had thrown the bag into the car when he saw the officers approach. Meanwhile, Tomlin noticed that one of the black bag's compartments was partially open and that inside the black bag was a plastic bag containing a white powder substance. Believing that the bag contained drugs, Tomlin grabbed it out of the car and tossed it to Cunningham. Tomlin ordered Cunningham to detain defendant since defendant was walking away. Cunningham had his hand on defendant's arm and ordered him to stop. Defendant, however, pulled away and began running. Cunningham gave chase while Tomlin radioed for assistance. Officer Tomlin was eventually able to cut off the defendant so he could not escape and defendant was arrested and read his rights. After he was stopped, but prior to being read his rights, defendant told officers "just kill me."

A thorough inventory of defendant's black bag was taken at the police station. Inside officers found five plastic bags containing a white powder substance, bottles containing a white powder substance, a bag of green vege-

tation, and $2,000 in small bills, (ninety-three twenty dollar bills and fourteen ten dollar bills).

At trial, the state attempted to prove that the white powder substance and the green leafy substance found in defendant's leather bag were cocaine and marijuana, respectively, through the testimony of Joseph Crow, a criminologist with the St. Louis Metropolitan Police Department. Over the defendant's objections, Crow was allowed to testify as to the results of drug tests of the substances contained in a St. Louis Metropolitan Police Department crime laboratory report that stated the white powder substance weighed 730.22 grams and tested positively for cocaine and that the green leafy substance weighed 5.57 grams and tested positively for marijuana. Crow testified that the tests were administered and reported by Mary Taylor, an "examiner" formerly employed by the St. Louis Metropolitan Police Department lab. The laboratory report itself was not offered into evidence.

On appeal, defendant, reasserting the ground on which his objection at trial was based, alleges that the trial court erred when it allowed the state to elicit testimony from Joseph Crow on the results of the laboratory drug tests performed by Mary Taylor in that the state failed to lay an adequate foundation establishing Mary Taylor was an expert witness qualified to perform the drug tests cited in the laboratory report.

■ The only evidence in the record relating to the qualifications of Mary Taylor to perform the drug tests was presented in the following testimony by Crow:[1]

Q. Okay. Now, is it your responsibility to keep certain documents from the lab in the regular course of your business?

A. Yes, it is.

Q. And are those reports or documents made at or near the event that takes place?

A. Yes, they are.

Q. And are those documents accurate with respect to the event that they are portraying?

A. Yes, they are.

Q. Okay. That would apply to the document Lab Number 206410?

A. Yes, it is.

Q. Now, who is the examiner on Lab Number 206410?

\* \* \* \* \* \*

A. Mary Taylor.

Q. Where is Mary Taylor now?

A. She resigned from the police department about nine months ago and is working for a chemical instrument company on the east side. Where her exact location today is I'm not sure.

Q. [sic] Okay. Now, she was employed by the St. Louis Metropolitan Police lab—yeah, police Lab?

A. Yes, she was.

■ Testimony relating a declarant's expert opinion is not admissible if the declarant was not an expert making a statement concerning a matter within his expertise and as to which he would be competent to express an opinion if testifying in person. *State v. Rhone*, 555 S.W.2d 839, 841 (Mo. banc 1977). We are not satisfied that the state has produced sufficient evidence to establish Mary Taylor's expertise to perform the drug tests. In order to lay the foundation to establish the expertise of a witness, "[i]t must be shown that a witness has 'sufficient experience and acquaintance with the phenomena involved to testify as an expert.'" *State v. Rhone*, 555 S.W.2d at 841 (quoting *Hyman v. Great Atlanta & Pacific Tea Co.*, 359 Mo. 1097, 225 S.W.2d 734, 736 (1949)); *See also State v. Merritt*, 591 S.W.2d 107, 113 (Mo. App.1979). The state relies solely on the evidence that Mary Taylor was employed by the crime lab and is currently employed by a chemical instrument company to show her qualifications to perform the tests. However, the mere listing of Mary Taylor's employers provides no foundation that she had "suf-

---

[1]. Testimony by a custodian, supervisor, or other employee, is sufficient to lay a foundation where that person can testify as to the qualifications of the individual who actually performed the test.

*See, e.g., State v. Hall*, 750 S.W.2d 637, 638–39 (Mo.App.1988); *State v. Bellah*, 745 S.W.2d 213, 216–17 (Mo.App.1987); *State v. Rhone*, 555 S.W.2d 839, 840–42 (Mo. banc 1977).

ficient experience and acquaintance" with drug testing. The evidence is insufficient to show that Mary Taylor was qualified to administer and interpret the drug tests. *Cf.,* *State v. Rhone, supra* (supreme court found sufficient evidence of lab worker's expertise where testimony showed his job title and employer, the degree requirement for the position, the responsibilities of the position including familiarity with the test at issue, that methods and procedures were followed and the length of lab worker's employment); *State v. Hall,* 750 S.W.2d 637 (Mo.App.1988) (qualification for a laboratory worker to perform drug test held sufficient where testimony showed his job title and employer, that he had a degree in chemistry, experience conducting the test and the length of his employment).

■ It was error by the court to allow Crow to testify as to the results of the laboratory drug tests performed by Mary Taylor. The state relied on this testimony to establish the nature of the white powder substance and the green vegetation, and the circumstantial evidence produced is insufficient to establish its illicit nature. *See, State v. Krutz,* 826 S.W.2d 7, 8–9 (Mo.App.1991). We must reverse the convictions and remand for new trial.

In light of our resolution on this point, there is no need to address defendant's remaining points on appeal.

Reversed and remanded.

KAROHL and CRAHAN, JJ., concur.