**STATE of Missouri, Respondent,**

v.

**Gary HUGHES, Appellant.**

**No. WD 55139.**

Missouri Court of Appeals,
Western District.

Sept. 15, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 27, 1998.

Craig A. Johnson, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and ULRICH and EDWIN H. SMITH, JJ.

ULRICH, Judge.

Defendant, Gary Hughes, was convicted following a jury trial in the Circuit Court of Buchanan County, Missouri, of the class D felony of driving while intoxicated, §§ 577.010 and 577.023.3.[1] The defendant was sentenced to four years imprisonment. Defendant raises two points on appeal. First, he alleges that insufficient evidence was presented to prove that he operated a motor vehicle while in an intoxicated condition. Second, Defendant argues the trial court erred in overruling defense's objection to statements made by the prosecutor during closing argument. Examination of the record shows Defendant's contention that insufficient evidence was presented to support his conviction has merit. Therefore, the judgement of conviction is reversed.

## I. Facts

On May 2, 1997, at approximately 11:42 p.m., Officer Larry R. Stobbs, Jr. of the St. Joseph Police Department was dispatched to the scene of a vehicular accident. When he arrived at the scene, he found an Oldsmobile Cutlass that had left the road and run into a tree on private property. No one was around or inside the vehicle.

Officer Stobbs could not determine the actual time of the accident. At trial Officer Stobbs testified that although he did not remember finding the engine of the vehicle running, the hood of the engine was still warm. The vehicle had extensive front end damage including a "star-shaped" fracture in the front windshield between the rearview mirror and the steering wheel. Although the impact with the windshield was consistent with someone's head or hand striking the glass, no blood or hair samples were taken. The vehicle had a "bench type" front seat on which Officer Stobbs found a wallet containing the defendant's identification and a man's jacket. The front passenger side was also littered with "beer cans, beer bottles, and trash."

The witness who reported the accident, Harold Faris, told Officer Stobbs that he saw what appeared to be a white male standing in the open driver's side door around the time he called the police. Mr. Faris did not testify to seeing the defendant behind the wheel of the car either before or after the accident. Mr. Faris estimated that Officer Stobbs arrived approximately ten minutes after he placed the call. Officer Stobbs radioed the information obtained from Mr. Faris to Officer Becky Bradley who began looking for a white male in the area. Approximately one block from the accident scene, Officer Bradley observed a white male open the cab door of a dump truck, poke his head out, and then quickly shut the door again. Officer Bradley asked the man, later identified as the defendant, to step out of the truck. Officer Bradley then notified Officer Stobbs that she had located the defendant and held him until Officer Stobbs arrived.

Officer Stobbs testified that when he arrived the defendant smelled strongly of liquor, had blood shot eyes, was staggering and slurring his speech and had a fresh cut on his forehead that was trickling blood. When Officer Stobbs questioned the defendant about the cut, the defendant was first unaware that he had an injury and then stated that it was an old cut. When Officer Stobbs asked the defendant about his wallet, the defendant felt his pants pocket. Defendant then admitted that the vehicle was his but stated that his girlfriend had been driving the car and that she had wrecked it. At approximately 12:01 a.m., Officer Stobbs placed the defendant under arrest for driving while intoxicated and for leaving the scene of an accident.

Officer Stobbs then took the defendant to the police station for further questioning. At the station, Officer Stobbs asked the defendant several standard questions from an alcohol influence report that is completed when persons are arrested for driving while intoxicated. Defendant was unsure of the date or day of the week and, after some questioning, became belligerent, violent and combative compelling Officer Stobbs to place him in a holding cell. Defendant later refused to sub-

1. All statutory references are to RSMo 1995 un-    less otherwise indicated.

mit to a breath test, and no field sobriety tests were performed on Defendant due to safety concerns. Officer Stobbs indicated at trial that based on his observations the defendant was very intoxicated and would have been unable to perform the tests.

## II. Sufficiency of the Evidence

■ On appeal, Defendant argues that the trial court erred in finding him guilty of driving while intoxicated because the evidence was insufficient to prove each element of the offense beyond a reasonable doubt. Appellate review of a challenge to the sufficiency of the evidence to support a criminal conviction is limited to determination of whether sufficient evidence was presented from which a reasonable trier of fact might have found the defendant guilty beyond a reasonable doubt. *State v. Silvey,* 894 S.W.2d 662, 673 (Mo. banc 1995); *State v. Eppenauer,* 957 S.W.2d 501, 503 (Mo.App. 1997). The reviewing court accepts as true all evidence and inferences favorable to the verdict and disregards evidence and inferences to the contrary. *Eppenauer,* 957 S.W.2d at 503.

■ Under section 577.010, a person commits the crime of driving while intoxicated if he "operates a motor vehicle while in an intoxicated or drugged condition." § 577.010. Each word in the name of the offense, "driving while intoxicated," identifies an element of proof. *Eppenauer,* 957 S.W.2d at 503 (citing *Wilcox v. Director of Revenue,* 842 S.W.2d 240, 242 (Mo.App.1992)). Although circumstantial evidence may be used to prove the elements of the offense, in non-engine-running cases, significant additional evidence of driving and the connection of driving in an intoxicated state is required to sustain a criminal conviction. *Id.*

In this case, the evidence viewed in the light most favorable to the verdict shows that at the time of his arrest, the defendant was belligerent, violent and combative; smelled strongly of liquor; had blood shot eyes; was staggering and slurring his speech; and refused to submit to a breath test. Officer Stobbs testified that in his opinion, the defendant was very intoxicated. As the defendant admits in his reply brief, this evidence is sufficient to establish that the defendant was intoxicated at the time of his arrest. *See State v. Myers,* 940 S.W.2d 64, 65 (Mo.App. 1997). This appeal, therefore, focuses on the "driving" and "while" elements of the crime.

■ "Driving" is defined under section 577.001.1 as "being in actual physical control of a motor vehicle." § 577.001.1; *see also Wilcox v. Director of Revenue,* 842 S.W.2d 240, 242 (Mo.App.1992). Where a driver is *inside* a motionless vehicle *and the engine is running,* the driver is deemed to be in actual physical control of the vehicle thereby satisfying the "driving" element. *Wilcox,* 842 S.W.2d at 242 (citing *State v. Dey,* 798 S.W.2d 210, 212 (Mo.App.1990)). However, where the defendant is not observed driving and the engine is not found running, only significant additional evidence of driving and the connection of driving can show "actual physical control" to supply the "driving" element. *Wilcox,* 842 S.W.2d at 243 (citing *State v. Block,* 798 S.W.2d 213, 216 (Mo.App. 1990); *State v. Liebhart,* 707 S.W.2d 427, 429 (Mo.App.1986)). No significant additional evidence was presented to prove that the defendant was driving in this case.

In *Wilcox v. Director of Revenue,* this court identified additional forms of evidence that may provide sufficient evidence to uphold the DWI conviction of a person found in a vehicle without the engine running. 842 S.W.2d at 243. Such evidence includes the "location and position of [the] vehicle on or in relation to the roadway, key in the ignition, ignition turned on, engine compartment warm, other mechanisms running, admission of driving or drinking ... and indications of how long the vehicle had been stopped." *Id.* (citations omitted). However, the evidence presented in all of the above cases was found sufficient to support the conviction only in combination with the driver being found inside the vehicle. In this case, the defendant's operation of the vehicle was neither observed nor admitted, and the defendant was not found in the vehicle. Therefore, evidence that the engine compartment was still warm and that the vehicle had not been stopped for very long is not sufficient to establish the defendant was driving.

The remaining evidence favorable to the verdict includes the defendant's admission of ownership of the vehicle, the defendant's proximity to the vehicle when he was discovered, the cut on the defendant's forehead and the "star" fracture in the windshield. The defendant's ownership of the car in and of itself is insufficient to establish that the defendant, as opposed to someone else, was actually driving the vehicle. *See State v. Chapman*, 724 S.W.2d 713, 716 (Mo.App. 1987). Similarly, the defendant's proximity to the vehicle, including Mr. Faris' testimony that he saw a white male standing in the open driver's side door, does not show that the defendant was actually driving the vehicle. No one observed the defendant driving immediately before the accident or at the scene, and the defendant maintains that his girlfriend was driving. Therefore, this evidence fails to show that Defendant actually drove the vehicle.

The evidence presented regarding the cut on Defendant's forehead and the star fracture is also insufficient to establish that the defendant was driving. Because no blood or hair samples were taken in this case, the state failed to present any evidence to show that the cut on Defendant's head was actually caused by striking the windshield. Moreover, although Officer Stobbs testified that the star fracture was consistent with *someone's* head or hand striking the windshield, the prosecution did not establish that the fracture was consistent with *the driver* striking the windshield. The fracture was located between the rearview mirror and the steering wheel in a car with a "bench type" front seat. This location does not preclude the possibility that a passenger, not the driver, struck the windshield.

Because the defendant did not admit to operating the vehicle and no significant additional evidence was presented showing that the defendant was driving the vehicle, there is insufficient evidence from which a reasonable trier of fact could find the defendant guilty of driving while intoxicated beyond a reasonable doubt. The judgment of conviction is therefore reversed, the sentence imposed is set aside, and Defendant is ordered discharged.

In light of our resolution on this point, Defendant's remaining points on appeal need not be addressed.

All concur.