**Nancy Ann SOEST,**
**Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE,**
**Respondent/Appellant.**

**No. ED 78328.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 4, 2001.

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

Daniel L. Mohs, The Stokely Group, L.L.C., St. Louis, MO, Brent L. Martin, St. Peters, MO, for respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Robert S. Kenney, Assistant Attorney General, St. Louis, MO, for appellant.

CHARLES B. BLACKMAR, Senior Judge.

Respondent Soest was arrested in the early morning of April 9, 2000 on suspicion of driving while intoxicated. She refused the arresting officer's proffer of a breathalyzer test and her driver's license was administratively revoked by the Director of Revenue. She timely petitioned for review pursuant to Section 577.041.4 RSMo (2000). The circuit court set aside the suspension and the Director of Revenue appeals. We reverse.

The circuit court order reads in pertinent part as follows:

2. The court finds that the arresting officer did not have reasonable grounds to believe the petitioner was driving while intoxicated.

a) The arresting officer's report indicates that while following Petitioner's vehicle, he noticed it BEGIN to weave. This is consistent with Petitioner's testimony that she had "spilled" her purse and was attempting to retrieve the contents.

b) The evidence that the arresting officer relied on to arrest the Petitioner consisted of his observation of her— watery eyes and failure of "visual gaze nystagmus" and failure to successfully perform the "walk and turn" and "one leg stand" tests.

c) However—the arresting officer was advised PRIOR to administering the walk and turn and one leg stand tests,

that Petitioner had bad knees and would not pass any walking—type tests. Nonetheless, the officer insisted Petitioner attempt these tests and based his probable cause to believe she was intoxicated upon their failure.

d) The arresting officer observed that Petitioner's speech was coherent, she was cooperative, sleepy and carefree—there were no unusual actions noted.

. . . .

The Court is not aware of any case holding that 'failing' the HGN test, standing alone, gives an officer reasonable grounds to believe a person is intoxicated. Particularly when there are no other 'supporting' facts. Petitioner's speech was not slurred, she exhibited no other 'unusual' conditions that are normally found in intoxicated drivers.

 We set out the judgment in detail because it demonstrates some common misconceptions of the court's role in a petition for review of an administrative suspension. The judgment demonstrates careful consideration, but the court appears to have applied the wrong standard. The proceeding is civil rather than criminal, and is not a trial of the issue of intoxication. The issue, rather, is whether the officer had reasonable grounds to believe that the arrestee was driving while intoxicated. If reasonable grounds appear, the driver may properly be offered the "breathalyzer" test to determine whether an intoxicating level of alcohol is present. If the driver refuses to permit a more accurate determination of the question of intoxication by taking the test, the driver's license may be revoked for one year. The procedure balances the right to privacy against the public's interest in controlling the menace of drunken driving.

The officer testified that he was driving north on Highway 19 in Montgomery County when he noticed that the driver, who was proceeding south, had left the roadway momentarily. He made a u-turn and followed her, observing that she "continued to weave," although she only left the roadway once. He then activated his emergency lights and the vehicle stopped. The driver essentially agreed that her vehicle was weaving. The trial court's memorandum does not fully describe the continued weaving as testified to by the officer.

 The court's order does not set forth the complete information the officer obtained after he stopped the driver. She admitted to him that she had one beer, several hours earlier. This admission justified the officer in offering her the chance for an accurate measuring of her alcohol level so that it could be compared to the statutory standard. He did not have to accept her "one beer" statement at face value. Even if the tests requiring walking and standing are disregarded, the nystagmus test she failed provided further grounds for the officer's reasonable belief.

This court-tried proceeding is reviewable under the standard of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We conclude that the trial judgment not only demonstrates an incorrect application of the law, but also that it is contrary to the weight of the evidence. The driver admitted the weaving and the alcohol consumption, and did not dispute her failure of the field sobriety tests, including the one as to which she did not claim impairment. As to these items, no question of credibility is involved.

 Our holding is consistent with numerous recent cases reversing trial courts which have set aside administrative revocations of driver's licenses. *See Rain v. Director of Revenue*, 46 S.W.3d 584 (Mo.App.2001); *Hunt v. Director of Revenue*, 10 S.W.3d 144 (Mo.App.1999). The

issue is one of the officer's "reasonable grounds" rather than a factual determination of the issue of intoxication. The driver has rejected the opportunity to demonstrate that she was not impaired. She is privileged to reject the test, insofar as criminal charges are concerned,[1] but it is appropriate to impose an administrative sanction for her failure to take the test when arrested on reasonable grounds.

The judgment of the circuit court is reversed and the case is remanded with directions to sustain the administrative revocation.

CRANDALL, Jr., P.J., and ROBERT G. DOWD, Jr., J., concur.

---

1. In a letter submitted after argument the respondent cites *State v. Bradley,* 2001 Mo. App. LEXIS 1749, 57 S.W.3d 335 (Mo.App. 2001), for the proposition that failure of the nystagmus test does not provide positive proof of driving while intoxicated. *Bradley* is a criminal case in which the issue is guilt or innocence rather than reasonable grounds.