**STATE of Missouri, Plaintiff–Respondent,**

v.

**Steve Thomas KICKHAM, Defendant–Appellant.**

**No. 24760.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 18, 2002.

Michael Baker, Springfield, for appellant.

Darrell L. Moore, Pros. Atty., Mark E. Brinkmann, Asst. Pros. Atty., Springfield, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

Steve Thomas Kickham ("Appellant") was convicted after a bench trial of driving while intoxicated, in violation of § 577.010 [1], and speeding, in violation of § 304.010. He was fined $400 and sentenced to 180 days in the Greene County jail, with a suspended execution of sentence except for four days of shock time in jail. He was ordered to complete a substance abuse traffic offender program ("SATOP"), perform forty hours of community service, and pay $133 law enforcement recoupment fee. The court suspended imposition of the sentence for the speeding conviction and placed him on 180 days unsupervised probation.[2] Appellant contends there was

---

**1.** All references to statutes are to RSMo 2000, unless otherwise indicated.

**2.** The speeding conviction is not at issue in this appeal.

insufficient evidence to support his conviction of driving while intoxicated in that he failed a field sobriety test because he suffers from blindness in his left eye and not because he was intoxicated. We affirm.

After midnight on May 26, 2001, Officer Brian Reeves, a patrolman on the Driving While Intoxicated Enforcement Unit for the City of Springfield, Missouri, was operating a radar unit near Saint Louis Street and Kimbrough in Springfield, Missouri. After observing the excessive speed of a 1984 Ford LTD, he noted from the radar unit the car was traveling at 34 miles per hour on Kimbrough, which has a posted 20–mile per hour speed limit. He pulled behind the vehicle and activated the patrol vehicle's emergency equipment. Officer Reeves noted that the car traveled at least a block before stopping, which seemed to be a little longer than a normal stop. The fact that it took the Ford LTD longer than normal indicated to Officer Reeves that the driver was "slow to respond."

As Officer Reeves approached the vehicle to request Appellant's driver's license, he detected an odor of intoxicants coming from Appellant's breath and Appellant's bloodshot and glassy eyes. Officer Reeves also noted that Appellant's speech was slurred and that he seemed "[s]omewhat slow and sluggish." When the officer requested Appellant to exit the vehicle, he noticed that Appellant had "a general sway to him" and that as he walked, "[t]he sway stayed with him, his whole upper body was swaying as he walked." He also noticed that Appellant's left eye did not track evenly with his right eye, so he asked Appellant if he had any physical problems that the officer needed to be aware of, but Appellant claimed none. Officer Reeves then administered field sobriety tests.

Appellant was asked to perform the alphabet test and the counting test, which he performed correctly. Officer Reeves did not administer the horizontal gaze nystagmus evaluation because he noted that Appellant was blind in his left eye. Appellant was asked to perform the walk and turn test, which he failed because he stepped off the line and raised his arms more than six inches from his body on one step. Appellant also performed the one-leg stand test which he failed because during the test he swayed, used his arms for balance and put his foot down on two separate occasions. Appellant did not offer an explanation for his poor performance on either test. He was placed under arrest for driving while intoxicated.

After Appellant was arrested, Officer Reeves interviewed him; Appellant admitted he had been operating the vehicle. When Appellant was asked if he was under the influence of alcoholic beverages, his response was "Not sure," but he admitted that he had drunk three beers. Officer Reeves administered a breath test, which revealed that Appellant had a blood alcohol content of .105 percent. Appellant was charged with committing the class A misdemeanor of driving while intoxicated and the class C misdemeanor of speeding. A trial was held December 11, 2001.

Appellant testified that he is completely blind in his left eye, which hinders his walking in that it causes him to often bump his arm against the wall. Appellant argues that the walk and turn test administered by Officer Reeves was not a valid and reliable test for determining whether Appellant was intoxicated because Appellant is blind in his left eye, and, therefore, the only field sobriety test he failed was the one-leg stand test.

In reviewing Appellant's challenge to the sufficiency of the evidence to support his conviction of driving while intoxicated, our review is limited to determining whether there was sufficient evidence presented at trial from which a reasonable

trier of fact might have found Appellant guilty beyond a reasonable doubt. *See State v. Bradley,* 57 S.W.3d 335, 340 (Mo. App. S.D.2001). This court accepts as true all evidence and inferences favorable to the verdict and disregards all evidence and inferences to the contrary. *Id.* at 340–41. In a court-tried criminal case, determination of the credibility of witnesses is a matter for the trial court. *Id.* at 341.

Section 577.010.1 provides that a person commits driving while intoxicated if he "operates a motor vehicle while in an intoxicated or drugged condition." The state must prove that the defendant operated a motor vehicle while he was in an intoxicated or drugged condition. *State v. Austin,* 861 S.W.2d 334, 336 (Mo.App. S.D. 1993). Neither the trial court, nor the reviewing court, is required to suspend its common sense in considering the state's evidence. *State v. Spain,* 759 S.W.2d 871, 875 (Mo.App. E.D.1988).

Although Appellant submitted evidence that may be indicative of his sobriety, Appellant disregards the evidence from the blood alcohol test which indicated his blood alcohol content was .105 percent, the officer's observations and Appellant's own testimony. A blood alcohol content of .105 percent is prima facie evidence that he was intoxicated at the time the breath test was administered. *See* § 577.037. Further, the evidence indicates Appellant had an odor of intoxicants coming from his breath; his eyes were bloodshot and glassy; his speech was slurred; he seemed "slow and sluggish"; he walked with a sway; and he had been observed speeding. Officer Reeves testified that the one-leg stand test is 65 percent accurate by itself, meaning that 65 percent of people that fail the test have a blood alcohol content of .100 or more. He noted that the result of Appellant's breath test was consistent with the results of the field sobriety tests. Appellant admitted that he drank three beers between 9:00 p.m. and midnight at a bar the night he was arrested and "might have had a couple more beers" earlier in the evening.

Appellant's argument that the walk and turn test was invalid misses the mark. Sufficient evidence to support a conviction of driving while intoxicated has been found even in cases in which field sobriety tests were not given or the driver refused to submit to the tests. *See State v. McCarty,* 875 S.W.2d 622 (Mo.App. S.D.1994); *State v. Corum,* 821 S.W.2d 890 (Mo.App. S.D. 1992). We find that there was sufficient evidence presented at trial from which the court could find Appellant guilty of driving while intoxicated beyond a reasonable doubt.

The judgment is affirmed.

PREWITT, P.J., and PARRISH, J., concur.