

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,                )
                                  )
    Plaintiff-Respondent,         )
                                  )
v.                                )     No. SD37806
                                  )
LAKOTA GILBERT TUCKER,            )     **Filed:  September 26, 2023**
                                  )
    Defendant-Appellant.          )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jason R. Brown

**<u>AFFIRMED</u>**

In a single point relied on, Lakota Gilbert Tucker ("Defendant") appeals his convictions for murder in the second degree, unlawful use of a weapon, and armed criminal action[1] on the ground that the circuit court abused its discretion in overruling his objection and admitting as rebuttal evidence State's exhibit 122, which consisted of segments of recorded telephone calls Defendant made to his father from jail.  Finding no merit in that claim, we affirm.

---

[1] *See* sections 565.021, 571.030, and 571.015.  Unless otherwise indicated, all statutory references are to RSMo Cum. Supp. 2020.

1

**Standard of Review**

We review a circuit court's decision to admit or exclude evidence for abuse of discretion. *State v. Primm*, 347 S.W.3d 66, 70 (Mo. banc 2011). The trial court has broad discretion in choosing to admit evidence and we will not disturb this discretion unless it is against the logic of the circumstances and so unreasonable as to show a lack of careful consideration. *State v. Freeman*, 269 S.W.3d 422, 426 (Mo. banc 2008).

**The Evidence**[2]

On the evening of July 4, 2021, Defendant entered property that his mother had previously leased before she died on April 24, 2021 ("the property"). After her death, the owner of the property hired a contractor ("Victim") to renovate the house, which sat upon approximately 175 acres of land. On the day of his murder, Victim and his fiancée entered the property through a locked gate to drop off construction materials, and they locked the gate behind them when they left.

Sometime later that day, Defendant drove past the property and saw a kitchen table that belonged to his mother sitting out in the front yard of the house. Defendant wanted the table, and he broke the chain on the gate to enter the property and get the table. After retrieving the table, Defendant continued to the back area of the property and tried to take a tree-stand by firing multiple bullets from an AK-47 at a chain that was securing the tree-stand to the tree.

Victim was approximately a quarter mile away from the property when he heard the gunshots and went to the property to investigate. After Victim arrived at the property, he

---

[2] "The evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict." *State v. Minor*, 648 S.W.3d 721, 736 (Mo. banc 2022) (quoting *State v. Stewart*, 560 S.W.3d 531, 533 (Mo. banc 2018)). Any contrary evidence is cited only to provide context for Defendant's arguments.

found Defendant driving from the back of the property toward the house. Victim approached the driver's side of Defendant's truck and a heated discussion ensued. During the exchange, Victim called his fiancée to tell her that she needed to call the police because Defendant had a gun.

Defendant grabbed his AK-47 from the back seat when Victim went behind Defendant's truck. When Victim began to retreat further away from the truck, Defendant fired two rounds at Victim, one of which hit him in the head and killed him instantly. Defendant testified that he believed Victim was about to shoot or hurt him, and he shot Victim in self-defense.

## Analysis

Defendant claims the circuit court abused its discretion in overruling his objection to, and then admitting into evidence, State's exhibit 122 as rebuttal evidence. Evidence is proper on rebuttal if it "tends to explain, counteract, repel or disprove" any evidence offered by the defense, and the circuit court "is vested with broad discretion over the admission and scope of rebuttal evidence." *State v. Hurley*, 208 S.W.3d 291, 293 (Mo. App. S.D. 2006) (internal citations omitted). Here, Defendant argues that the portions of the recorded phone calls he made from jail were inadmissible because they did not tend to explain, counteract, or disprove evidence introduced by the defense. We disagree.

Defendant testified at trial that Victim never reached into his vehicle, Victim never caused him physical injury, and Defendant never drove through a locked gate. But Defendant told his father during the jail calls that Victim: (1) reached into Defendant's truck and tried to grab his keys; (2) physically injured Defendant when Victim was at the side of Defendant's

3

truck; and (3) locked Defendant into the property, forcing Defendant to drive through a locked gate in order to leave the property.

Defendant then testified that the statements he made to his father were untrue and were the result of hallucinations that caused Defendant to believe false versions of what he had done on the day that he shot and killed Victim. However, according to Defendant's own testimony, only the first phone call was made during the time period that Defendant claimed that he was suffering from hallucinations. The State offered the recordings of the calls to disprove that Defendant was having hallucinations during the calls and attack Defendant's credibility in regard to his claim of self-defense.

We agree with the State that the circuit court did not abuse its discretion in admitting State's exhibit 122, even though Defendant had disavowed those prior statements under oath. *See* **State v. Placke**, 290 S.W.3d 145, 155 (Mo. App. S.D. 2009) (When a witness's testimony at trial contradicted prior videotaped statements made by the witness, the videotaped statements were properly admitted as evidence for the jury to determine the credibility of the witness and determine which version was the truth). The recorded phone calls were relevant to the jurors' specific task of determining the credibility of Defendant's claims that he was hallucinating at the time that he made those calls, along with his overall credibility. **Id.**

Defendant has failed to demonstrate that the circuit court's ruling was against the logic of the circumstances and so unreasonable as to show a lack of careful consideration. **Freeman**, 269 S.W.3d at 426. Defendant's point is denied, and the judgment of the circuit court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR
MARY W. SHEFFIELD, J. – CONCURS
JENNIFER R. GROWCOCK, J. – CONCURS

4